UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JAMES DAVID COOPER, JR., on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | CASE NO. 6:14-cv-314-orl-18DAB |
| v. ) ) | CLASS ACTION |
| NELNET, INC., ) a Nebraska Corporation, ) ) | JURY TRIAL DEMANDED |
| Defendant. ) ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
UNDER THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

Plaintiff, JAMES DAVID COOPER, JR. ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following:

## INTRODUCTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of NelNet, Inc. (hereinafter referred to "NelNet" or "Defendant") in negligently contacting Plaintiff on Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). The TCPA prohibits unsolicited pre-recorded voice calls to cellular telephones without prior express consent within the meaning of the TCPA.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331. This case involves a question of Federal law, 47 U.S.C. § 227, et seq. (TCPA). Damages and injunctive relief are available under 47 U.S.C. § 227(b)(3). Venue is proper in this District because Defendant engages in business in this District and a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

3. Plaintiff is a natural person who, at all times relevant herein, is and was a resident of Volusia County, Florida.

4. Defendant is a Nebraska corporation whose principal office is located at 121 S. 13th Street, Suite 201, Lincoln, NE 68508, and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## THE TELEPHONE CONSUMER PROTECTION ACT

5. Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

6. Consistent with its purpose, the TCPA regulates, among other things, the use of prerecorded messages and use of automated telephone dialing systems ("autodialers"). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

2

7. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

8. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

9. One of the newest types of bulk communications is through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

10. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notes the receipt of the text message, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

11. Unlike more conventional advertisements, such text messages actually costs their recipients money, because cell phone users must frequently pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

## FACTS RELATING TO PLAINTIFF JAMES DAVID COOPER, JR.

12. Beginning on or around July 31, 2013, Defendant began placing calls to Plaintiff's cellular telephone using an artificial or pre-recorded voice message player and in so doing, left numerous voice messages on Plaintiff's voice mail system.

13. The majority of the artificial voice messages which Plaintiff received from Defendant appeared to contain only a portion of the pre-recorded message. For example, the following call appears to being in mid-sentence:

> *"... regarding your account with us. Please return this call to NelNet at 888-486-4722 to discuss assistance available to you. Our customer service associates are available to assist you 24 hours a day, 7 days a week. Or you can visit Management My Account on our website, www.nelnet.com. That number again is 888-486-4722. Thank you."*

14. Not all recorded calls began in mid-sentence. Plaintiff also received the following pre-recorded message from Defendant:

> *"Hello, this is an important message for Leonor Vargas from NelNet, calling on behalf of the US Department of Education. We do not have a current address, phone number, or email on file for Leonor Vargas. Without current contact information, we are unable to provide important information about their student account. Please contact NelNet 24/7 at 888-486-4722 or visit us at www.nelnet.com. This matter requires your immediate attention. Thank you."*

4

15. Based upon the foregoing message, Defendant's calling campaign was intended to reach or locate an individual by the name of *Leonor Vargas*. Plaintiff does not know an individual named *Leonor Vargas*.

16. In addition to pre-recorded telephone messages, Defendant also sent SMS (text) messages to Plaintiffs cellular telephone. One such message read:

> *"Important! You have options for assistance with your student loans serviced by Nelnet. Please call us at 855.828.0757 to request help. Reply STOP to opt out."*

17. When Plaintiff replied "STOP" as instructed, in an effort to opt out, the text messages did not stop.

18. Plaintiff communicated to Defendant that Vargas could not be reached at his phone number. However, since the last such admonition, Plaintiff has received at least 20 more calls from Defendant, seeking *Leonor Vargas*.

19. The content of Defendant's recorded telephone messages and texts indicate that Defendant was attempting to reach, and collect an alleged debt which was incurred by someone other than the Plaintiff.

20. Plaintiff has no loans or debts which are serviced by Defendant.

21. Plaintiff has never provided consent for Defendant, or any entity on whose behalf Defendant is acting, to contact him on his cellular telephone using an automatic telephone dialing system, or a pre-recorded or automated voice messages.

22. Plaintiff, at all times relevant herein, was the account holder of, and exercised dominion and control over the cellular telephone to which Defendant was calling.

5

23. The above described pre-recorded telephone and text messages are indicative of Plaintiff's use of an automatic telephone dialing system or an artificial or prerecorded voice message player.

24. None of the calls Defendant placed to Plaintiff were made for *emergency purposes*. Instead, they were made in connection with the collection of a debt.

25. Upon reasonable investigation into the Defendant and Defendant's calling patterns, Plaintiff alleges upon information and belief that the Defendant, individually or through its agents, placed or directed the mass placement of prerecorded telephone and text messages to cell phones nationwide, during the four years prior to the filing of this complaint.

## CLASS ALLEGATIONS

26. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of a Class and Sub-Class of individuals identified as:

> *The TCPA Class:* (1) All persons in the United States (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within 4 years of the complaint (6) where NelNet did not have express consent to call said cellular telephone number.

> *The Text Message Sub-Class:* (1) All persons in the United States (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call via text message (4) using an automatic telephone dialing system (5) within 4 years of the complaint (6) where NelNet did not have express consent to send text messages to said cellular telephone number.

27. Plaintiff represents and is a member of the Class and the Sub-Class.

6

28. Excluded from the Class and Sub-Class are Defendant and any entities in which Defendant has a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

29. Plaintiff does not know the exact number of members in the Class and Sub-Class, but based upon the size and national scope of Defendant as well as the nature of the message campaign to Plaintiff, Plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

30. Plaintiff and all members of the class and sub-class have been similarly harmed by the acts of defendant.

31. This Class Action Complaint seeks money damages and injunctive relief.

32. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Defendant.

33. There are questions of law and fact common to the members of the class and sub-class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

(a) Whether Defendant engaged in a pattern of using automated dialing equipment or prerecorded voices to place calls to the Class Members' cellular telephones;

    (b)    Whether Defendant engaged in a pattern of using automated dialing equipment to send text messages to the Class Members' cellular telephones;

    (c)    Whether such calls violated the TCPA;

34. As a person who received numerous and repeated telephone calls and text messages using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of the members of the class member and each sub-class. Plaintiff will fairly and adequately represent and protect the interests of the class and sub-class, and has no interests which are antagonistic to any member of the class or sub-class.

35. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephone.

37. Defendant has acted on grounds generally applicable to the class and sub-class, thereby making final injunctive relief and corresponding declaratory relief with respect to the

class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I
### Violations of the TCPA

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. Defendant made unsolicited telephone calls to the cellular telephone number of plaintiff and the other members of the class using an automatic telephone dialing system or artificial or pre-recorded voice.

40. These phone calls were made without the prior express consent of plaintiff or the class.

41. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

42. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, the class and sub-classes and against defendant for:

(a) Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

(b) Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

(c) To the extent provided by law, an award of attorneys' fees and costs to counsel for Plaintiff and the Class;

(d) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: February 21, 2014

By: *s/ Scott D. Owens*

Scott D. Owens, Esq.
Florida Bar # 0597651
SCOTT OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Keith J. Keogh, Esq.
Timothy Sostrin, Esq.
Katherine Bowen, Esq.
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com