## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JAMES DAVID COOPER, JR., individually
and on behalf of others similarly situated,

      Plaintiff,

                                  Case No. 6:14-cv-00314-RBD-DAB

v.

NELNET, INC.,
a Nebraska corporation,

      Defendant.

_____

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("**Agreement**"), dated as of December 3, 2014, is entered into between and among **James David Cooper, Jr.** ("**Class Representative**"), both individually and as **Class Representative**, on behalf of the **Non-Excluded Class Members** (as that term is hereafter defined), on the one hand, and **Nelnet, Inc.** ("**Nelnet**" or "**Defendant**"), on the other hand. The **Class Representative** and the **Defendant** are collectively referred to as the "**Party**" or the "**Parties**."

In order to fully and finally resolve all matters in this **Litigation**, the **Parties** agree as follows:

## ARTICLE 1
## PARTIES

The "**Parties**" to this **Agreement** are:

1.1    **James David Cooper, Jr.**, a natural person.

1.2    **Nelnet, Inc.**, a Nebraska corporation.

## ARTICLE 2
## RECITALS

2.1    The **Parties** are currently involved in litigation styled *Cooper, et al v. Nelnet, Inc., a Nebraska Corporation*, United States District Court for the Middle District of Florida, Case No. 6:14-cv-00314-RBD-DAB ("**Litigation**" or "**Action**").

2.2    **Defendant** provides student loan servicing for both private and federal student loans.

2.3      The **Litigation** is a class action brought pursuant to Fed. R. Civ. P. 23 on behalf of all individuals to whose cellular telephone **Defendant** allegedly placed a telephone call or text message in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, during the period of February 21, 2010 to the date of the **Preliminary Approval of Settlement and Notice Order**.

2.4      On behalf of himself individually and the putative class he seeks to represent, **Class Representative** alleges that **Defendant** placed non-emergency telephone calls and texts messages to persons' cellular telephones in the **United States** using an automatic telephone dialing system or an artificial or prerecorded voice without the called party's prior express consent in violation of the TCPA.

2.5      **Defendant** denies any liability or wrongdoing of any kind, and has vigorously defended the **Litigation**. In that regard, **Defendant** also denies that any claims asserted in the **Litigation** were appropriate for class certification. In addition, **Defendant** denies that it used an automatic telephone dialing system to place calls to persons' cellular phones or landlines.

2.6      **Class Representative**, on the other hand, has vigorously prosecuted the **Litigation**, including class certification, throughout its duration.

2.7      Throughout the approximate nine month duration of the **Litigation**, the **Parties** have engaged in extensive discovery and significant factual investigation and have engaged in mediation.

2.8      The **Court** has made no ruling on class certification, and no class has been certified.

2.9      **Defendant's Counsel** and **Class Counsel** have thoroughly investigated the facts and law underlying the claims asserted in the **Action**. In advance of mediation, **Class Counsel** requested, and **Defendant** produced, data and documents regarding **Class Representative**'s claims and **Defendant**'s policies, practices and procedures concerning use of its dialers and artificial or prerecorded messages and the potential number of persons in the **Settlement Class**. Following extensive, arms-length settlement negotiations, in which **Class Representative** and **Defendant** were all represented by competent, experienced and informed counsel, and a lengthy formal mediation conducted under the auspices of Rodney A. Max, an experienced mediator and principal of Upchurch, Watson, White & Max, the **Parties** have agreed to fully and finally resolve all claims and liabilities asserted in the **Litigation**, without any admission of liability or wrongdoing on the part of **Defendant**, subject to the terms and conditions of this **Agreement** and subject to **Final Approval** by the **Court**. They are entering into this **Agreement** for the purpose of doing so.

## ARTICLE 3
## DEFINITIONS

The terms below shall have the following meanings throughout this **Agreement**.

3.1      "**Action**" means that Civil Action styled *Cooper, et al v. Nelnet, Inc., a Nebraska Corporation*, United States District Court for the Middle District of Florida, Case No. 6:14-cv-00314-RBD-DAB, that is the subject of this **Settlement**.

3.2      "**Administrative Costs**" means all costs and expenses of notices to the **Settlement Class Members** and effectuation and management of the exclusion, objection, claim and claim payment

processes set forth in Articles 5 and 9-13, including the fees and expenses of the **Notice and Claims Administrator** necessary to implement those processes, or as may be ordered by the **Court**, and all costs and expenses of providing notice as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

3.3 "**Attorneys' Fees**, **Litigation Expenses and Incentive Award Application**" means the application by the **Class Representative** and **Class Counsel** for an award of **Class Counsel Legal Fees**, **Litigation Expenses**, and an **Incentive Award** that may be filed by **Class Counsel** in the **Action**.

3.4 "**Call-In Line**" means a toll free telephone call-in line and phone number concerning the **Settlement** to be established by the **Notice and Claims Administrator**.

3.5 "**Claim Filing Deadline**" means the date by which **Settlement Class Members** are required to file with the **Notice and Claims Administrator** the **Claim Form,** in the form of Exhibit A, in order to receive a payment under paragraphs 5.2.1 and 5.3. The **Claim Filing Deadline** is seventy five (75) days following the mailing by the **Notice and Claims Administrator** of the **Postcard Notice** to **Settlement Class Members**.

3.6 "**Claim Form**" means the document described in paragraph 13.3 that a **Settlement Class Member** is required to file with the **Notice and Claims Administrator** in order to receive a payment pursuant to paragraphs 5.2.1 and 5.3, in the form of Exhibit A.

3.7 "**Claims and Distribution Procedures**" means the procedures by which claims are made by **Settlement Class Members** and payments distributed to them, as set forth in Articles 5, 9, 10, and 13.

3.8 "**Class Counsel**" means the law firms of Keogh Law, Ltd., Keith J. Keogh, 55 W. Monroe St., Suite 3390, Chicago, Illinois 60603, and Scott Owens, P.A., Scott D. Owens, 3800 S. Ocean Drive, Suite 235, Hollywood, FL 33019, as counsel for the **Settlement Class Members** and **Class Representative**.

3.9 "**Class Counsel Legal Fees**" means the fees for legal services rendered by **Class Counsel** in prosecuting the **Action**, but excluding **Litigation Expenses**.

3.10 "**Class Payment Amount**" means the aggregate amount to be paid to all **Entitled Payment Class Members**.

3.11 "**Class Period**" means February 21, 2010 to the date of the **Preliminary Approval of Settlement and Notice Order**.

3.12 "**Class Representative**" means the individual plaintiff, James David Cooper, Jr.

3.13 "**Complaint**" means the Class Action Complaint and Jury Demand filed by **Class Representative** in the **Action** on February 21, 2014.

3.14 "**Court**" means the United States District Court for the Middle District of Florida.

3.15 "**Defendant**" means **Nelnet, Inc.**

3.16    "**Defendant's Counsel**" means the law firm of Brownstein Hyatt Farber Schreck, LLP, Richard B. Benenson and Jeffrey D. Felder, 410 17th Street, Suite 2200, Denver, Colorado 80202.

3.17    "**Effective Date**" means the date by which all of the following have occurred:

1.    The **Court** has entered the **Judgment** in the form of Exhibit C; and;

2.    **Final Approval** has occurred.

3.18    "**Entitled Payment Class Member(s)**" means a **Non-Excluded Class Member** who is eligible for a payment as determined by the **Notice and Claims Administrator** pursuant to the **Claims and Distribution Procedures**, and who has (have) signed and filed the **Claim Form** in the form of Exhibit A, and whose claim has been approved by the **Notice and Claims Administrator**.

3.19    "**Exclusion**" means the exclusion of a **Settlement Class Member** from the **Settlement**, the **Agreement** and the **Settlement Class**, in accordance with the procedures set forth in Article 11.

3.20    "**Exclusion Deadline**" means the date by which a member of the **Settlement Class** must submit a **Request for Exclusion**. The **Exclusion Deadline** shall be sixty (60) calendar days from the date on which the **Notice and Claims Administrator** mails the **Postcard Notice**, as provided in paragraph 10.3. The **Exclusion Deadline** shall be calculated and set forth in the **Postcard Notice**, the **Long Form Notice**, and if **Publication Notice** is necessary pursuant to paragraph 10.6, the **Publication Notice**.

3.21    "**Final Approval**" means that point at which the **Court** has entered the **Judgment** and the **Judgment** is no longer subject to appeal or review, which shall be deemed to occur on the later of the following: (A) if no objection was made to the **Settlement** or any aspect of it, then ten (10) calendar days after the date the **Judgment** is entered as a final judgment; (B) (i) if an objection was made to any aspect of the **Settlement**, but no appeal or other form of appellate review of the **Judgment** has been sought or perfected by any person, then the thirty-first (31st) calendar day after the time for filing a notice of appeal has commenced to run under Fed. R. App. P. 4(a), taking into consideration the making of any post-judgment motions and the granting of any extensions of time to make the same; or (ii) if an appeal or other form of appellate review of the **Judgment** has been sought, then the sixth (6th) calendar day after the date on which the affirmance of the **Judgment**, or, as the case may be, the dismissal or denial of such appeal or review, has become no longer subject to further judicial review, whether by re-hearing, re-hearing *en banc*, or writ of certiorari.

3.22    "**Hearing on Final Approval**" means the hearing at which the **Court** considers whether to finally approve the **Settlement**, this **Agreement**, and the **Attorneys' Fees**, **Litigation Expenses and Incentive Award Application**, and whether to enter the **Judgment**.

3.23    "**Incentive Award**" means an amount to be paid to the **Class Representative** as compensation for his services in that capacity on behalf of the **Settlement Class**.

3.24    "**Judgment**" means the final judgment to be entered by the **Court** under Article 8, entered in substantially the form of Exhibit C, or such other form to which the **Parties** may agree in writing and the **Court** may enter.

3.25    "**Litigation Expenses**" means all costs of any kind incurred by the **Class Representative** and **Class Counsel** in the prosecution of the **Action**, other than **Class Counsel Legal Fees**.

3.26    "**Long Form Notice**" means the "Notice of Proposed Settlement of Class Action and Hearing on Final Approval," in substantially the form of Exhibit D, without material change, or such other form to which the **Parties** may agree in writing and the **Court** may approve, which shall be available on the **Website**.

3.27    "**Motion for Preliminary Approval of Settlement and Notice Order**" means the motion the **Parties** will jointly file seeking preliminary approval of the **Settlement** and the **Agreement**, and issuance of the **Preliminary Approval of Settlement and Notice Order**.

3.28    "**Motion for Final Approval of Settlement**" means the motion **Class Representative** will file seeking **Final Approval** of the **Settlement** and the **Agreement**, approval of the **Incentive Award**, and an award of **Class Counsel Legal Fees** and **Litigation Expenses**.

3.29    "**Non-Excluded Class Members**" means those members of the **Settlement Class** who have not excluded themselves from the **Settlement**, the **Agreement**, and the **Settlement Class**, in accordance with the procedures set forth in Article 11, and are therefore not **Opt-Outs**.

3.30    "**Notice and Claims Administrator**" is the person or organization to be agreed to by the **Parties** and to be approved and appointed by the **Court** with responsibility to manage and administer the **Notice and Claims Procedures**.

3.31    "**Notice and Claims Procedures**" means the procedures for (i) providing the **Postcard Notice**, **Long Form Notice** and other notices to the **Settlement Class**; (ii) the filing, processing, controlling and accounting for **Requests for Exclusion**, (iii) the filing, processing and approval of claims; and (iv) the distribution of the **Payment Amounts** to the **Entitled Payment Class Members**.

3.32    "**Notice(s) of Objection**" means a notice of objection to the **Settlement** by a **Non-Excluded Class Member** made, filed and delivered in conformity with the requirements and procedures set forth in Article 12.

3.33    "**Notice Procedures**" means the procedures for providing notice to the **Settlement Class Members** as set forth in paragraphs 10.1 to 10.10.

3.34    "**Objection Deadline**" means the date by which any **Non-Excluded Class Member** must submit a **Notice of Objection**. The **Objection Deadline** shall be sixty (60) days after the **Postcard Notice** is mailed. The **Objection Deadline** shall be calculated and set forth in the **Postcard Notice**, the **Long Form Notice**, and if **Publication Notice** is necessary pursuant to paragraph 10.6, the **Publication Notice**.

3.35    "**Opt-Out(s)**" means any members of the **Settlement Class** who has (have) duly excluded themselves from the **Settlement** and the **Settlement Class** pursuant to the procedures set forth in Article 11.

3.36    "**Opt-Out List**" means the list of **Opt-Outs** the **Notice and Claims Administrator** is to prepare and provide to **Class Counsel** and **Defendant's Counsel**.

3.37    "**Payment Amount(s)**" means the amount to be paid to an **Entitled Payment Class Member** in settlement of the **Litigation**.

3.38    "**Postcard Notice**" means the notice and explanation of settlement in the form of a postcard, in substantially the form of Exhibit F, without material change, that shall be mailed to all potential **Settlement Class Members**.

3.39    "**Preliminary Approval Hearing**" means the hearing, if any, at which the **Court** considers whether to preliminarily approve the **Settlement** and the **Agreement** and conditionally certify the **Settlement Class**, for settlement purposes only, and provides for notice to the **Settlement Class**.

3.40    "**Preliminary Approval of Settlement and Notice Order**" means the **Court** order preliminarily approving the **Settlement** and the **Agreement**, certifying the **Settlement Class**, for settlement purposes only, and providing for notice to the **Settlement Class**, in the form of Exhibit B, or such other form to which the **Parties** may agree in writing and the **Court** may enter.

3.41    "**Publication Notice**" means the notice which may, if necessary, be published electronically on the internet and/or social media sites in the form or similar form of Exhibit E, as provided in this **Agreement** and ordered by the **Court**.

3.42    "**Released Claim(s)**" means those claims, causes of actions and liabilities released or deemed released by **Class Representative** and **Settlement Class Members**.

3.43    "**Releasing Party(ies)**" means the **Class Representative** and **Non-Excluded Class Members**.

3.44    "**Released Party(ies)**" means the people released or deemed released as provided in paragraphs 7.1.1 and 7.1.2.

3.45    "**Request(s) for Exclusion**" means a written request by a member of the **Settlement Class** to be excluded from the **Settlement** and **Agreement** and not be included in the **Settlement Class**, which is made, filed and delivered in conformity with the requirements and procedures set forth in Article 11, the **Postcard Notice** and the **Long Form Notice**.

3.46    "**Settlement**" means the terms of settlement embodied by this **Agreement**.

3.47    "**Settlement Class**" means the class as follows: "All persons in the **United States** to whose cellular telephone **Defendant** placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010 to the date of the **Preliminary Approval of Settlement and Notice Order**, where **Defendant** did not have

express consent to call said cellular telephone number." The **Parties** believe that the **Settlement Class Members List** will contain approximately 90,000 to 120,000 unique telephone numbers. **Class Representative** contends that all telephone numbers included in the **Settlement Class Members List** belong to **Settlement Class Members**. **Defendant** disagrees. **Defendant** contends that the **Settlement Class Members List** will be over inclusive because **Defendant** does not intentionally call or text individuals using an automatic telephone dialing system or an artificial or prerecorded voice without consent, and therefore, **Defendant** is unable to identify instances in which such calls may have been placed inadvertently. For example, **Defendant** asserts that the **Settlement Class Members List** will include cellular telephone numbers that originated as landlines but were later ported to cellphones. **Defendant** does not have the ability or data to discern when the number was ported to a cellphone and, thus, is unable to determine whether the number was a landline or cellphone at the time it was called or texted. Based on **Defendant**'s review of the data, **Defendant** believes the number of individuals who received such calls, and therefore are **Settlement Class Members**, could be as low as 15,000, or even lower.

3.48    "**Settlement Class Member(s)**" means an individual(s) who is/are a member(s) of the **Settlement Class**.

3.49    "**Settlement Class Members List**" means the list of potential members of the **Settlement Class** to be provided by **Defendant**, which includes: (i) the cellular telephone number called or texted by **Defendant**; and (ii) the date(s) and time(s) **Defendant** called or texted the cellular telephone number to the extent that **Defendant** has such information.

3.50    "**Settlement Costs**" means the amounts paid in settlement under this **Agreement** for the following: the **Administrative Costs**, the **Class Payment Amount**, the **Incentive Award**, the **Litigation Expenses**, and the **Class Counsel Legal Fees**.

3.51    "**Subsidiary(ies)**" means 5280 Solutions LLC (f/k/a Nelnet Technology Services LLC) (d/b/a Idaho Financial Associates, Charter Account Systems and 5280 Solutions); CathoNet, LLC; Class Bundl, LLC; CUnet, LLC (f/k/a CUnet Agency Management, LLC); SPARKROOM, LLC (f/k/a CUNet Software, LLC); Education Funding Capital I, LLC; Education Lending Services, Inc.; EFS Finance Co.; First National Life Insurance Company of the USA; GCO Education Loan Funding Master Trust-II; GCO Education Loan Funding Trust-I; GCO SLIMS Trust-1; Globalnet, LLC; Health Education Solutions, Inc. (f/k/a ClassCredit, Inc.); Invite Education, LLC; Loanstar Assets GP, LLC; Loanstar Assets LP, LLC; Loanstar Assets Partners, LP; M & P Building, LLC; Merchant Preservation Services, LLC; Municipal Tax Investment, LLC; Municipal Tax Property, LLC; National Education Loan Network, Inc.; National Higher Education Loan Program, Inc.; Nelnet Academic Services, LLC (f/k/a Nelnet Mentor, LLC); Nelnet Asset Management, Inc. (f/k/a LoanSTAR Funding Group, Inc.); Nelnet B2B Services, LLC; Nelnet Business Solutions, Inc. (f/k/a FACTS Management Co.; d/b/a FACTS management and infiNET Integrated Solutions); Nelnet Canada, Inc.; Nelnet Capital LLC; Nelnet Captive Insurance Company, Inc.; Nelnet Consumer Finance, Inc.; Nelnet Diversified Solutions, LLC (f/k/a NLS Holding Company, LLC); Nelnet Education Loan Funding, Inc. (f/k/a NEBHELP, INC.); Nelnet Enrollment Solutions, LLC; Nelnet FFELP Student Loan Warehouse-I, LLC; Nelnet Finance Corp.; Nelnet Fund Strategies, LLC; Nelnet Guarantor Solutions, LLC (f/k/a Nelnet Guarantee Services LLC; f/k/a GuaranTec LLP); Nelnet Management Corporation-1 (f/k/a Nelnet Student Loan Warehouse corporation – 1); Nelnet Servicing, LLC; Nelnet Student Loan Funding II Management Corporation;

Nelnet Student Loan Funding II, LLC; Nelnet Student Loan Funding Management Corporation; Nelnet Student Loan Funding, LLC; Nelnet Transaction Services, LLC; NTS-Renweb Jamaica, Ltd; Nelnet UNL Alliance, LLC; Next Gen Web Solutions, LLC; NHELP-I, LLC; NHELP-II, LLC; NHELP-III, LLC; Peterson's Nelnet, LLC (f/k/a NELN Acquisition, LLC); SmartDegree, LLC; Total Well Being, LLC; Unilink Data Systems Pty Ltd; Wilcomp Software, LLC; Whitetail Rock Capital Management, LLC; Whitetail Rock Fund Management, LLC; Whitetail Rock Quantitative Strategies I, LLP; and any other current or future subsidiaries or affiliates of **Defendant**.

3.52   **"United States"** means the fifty (50) states, the District of Columbia, and all territories.

3.53   "**Unknown Claims**" means any claims, causes of action or liabilities released by any **Releasing Party** that the **Releasing Party** does not know or suspect to exist in his, her or its favor, now or as of the **Effective Date**, including, but not limited to, statutory, common law, equitable or other claims, which, if known by him, her or it, might have affected his, her or its willingness to enter into this **Agreement** or accept this **Settlement**, and/or might have affected his, her or its decision not to request **Exclusion** from the **Settlement** and **Settlement Class** or not to object to the **Settlement**, the **Agreement**, or the awards of **Class Counsel Legal Fees**, **Litigation Expenses** or **Incentive Award**. Included within the definition of **Unknown Claims** are claims that are based on facts that were unknown, unknowable, unsuspected, undisclosed or affirmatively concealed or hidden as of the date hereof or the **Effective Date**, and/or that were disclosed, discovered, uncovered or revealed subsequent to the date hereof or the **Effective Date** and are contradictory to, different from or additional to the facts known to the **Releasing Party** or believed by him, her or it to be true as of the date hereof or as of the **Effective Date**.

3.54   "**Website**" means the informational internet website concerning the **Settlement** to be established by the **Notice and Claims Administrator**, in form and content as provided herein and to be agreed to by the **Parties**.

# ARTICLE 4
## PAYMENT OF SETTLEMENT COSTS

4.1   AMOUNT AVAILABLE TO PAY **SETTLEMENT COSTS**. **Defendant** agrees to pay up to four million five hundred thousand dollars ($4,500,000.00) for the **Settlement Costs**.

4.2   ORDER OF PAYMENT. **Settlement Costs** shall be paid in the following order: 1) the **Administrative Costs**; 2) the **Class Payment Amount**; 3) the **Incentive Award**; and 3) the **Litigation Expenses** and **Class Counsel Legal Fees**. Under no circumstance will **Defendant** be required to pay any amount other than amounts included in the **Settlement Costs** as provided in paragraph 4.2 and defined herein.

4.3   FUNDS REMAINING AFTER THE PAYMENT OF **SETTLEMENT COSTS**.

4.3.1   The amount of up to $4,500,000 that **Defendant** may make available for the payment of **Settlement Costs** is not a settlement fund. If the total amount of **Settlement Costs** paid is less than $4,500,000, all remaining funds belong to and will be retained by **Defendant**.

4.3.2    If the payments for **Settlement Costs** amount to less than $4,500,000, there is no residue, nor will there be any *cy pres* distribution or reversion to **Class Representative** or **Non-Excluded Class Members**, and **Class Representative** agrees not to assert a contrary position in any tribunal.

# ARTICLE 5
## RELIEF TO SETTLEMENT CLASS MEMBERS

5.1    AMOUNT AVAILABLE FOR CLASS PAYMENT AMOUNT. The total amount available for the **Class Payment Amount** shall be calculated by subtracting the **Administrative Costs** paid by **Defendant** and the amounts awarded for the **Incentive Award**, the **Litigation Expenses**, and the **Class Counsel Legal Fees** from the $4,500,000 available for **Settlement Costs**.

5.2    MANNER OF EFFECTING PAYMENTS TO SETTLEMENT CLASS MEMBERS.

5.2.1    *Entitled Payment Class Members*.

(a)    Within seven (7) calendar days of the **Effective Date**, the **Notice and Claims Administrator** shall send a list of all **Entitled Payment Class Members** to **Class Counsel** and **Defendant's Counsel**, along with a statement of the total amount **Defendant** must pay to the **Notice and Claims Administrator** to make payments to the **Entitled Payment Class Members**.

(b)    Within five (5) business days of receipt of the statement from the **Notice and Claims Administrator** of the **Class Payment Amount** as provided in paragraph 5.2.1(a), **Defendant** will pay the stated amount to the **Notice and Claims Administrator**.

(c)    Within fifteen (15) business days of receipt of the **Class Payment Amount** as required by paragraph 5.2.1(b), the **Notice and Claims Administrator** shall mail checks for the **Payment Amount** to each **Entitled Payment Class Member**. Each check shall be accompanied by a notice in the form of Exhibit G. Checks will be issued with a void date ninety (90) days after the issued date.

5.2.2    *Release of Defendant's Obligation to Pay Payment Amounts*. Upon payment to the **Notice and Claims Administrator** by **Defendant** of the **Class Payment Amount**, **Defendant** shall have no further responsibilities or obligations for payment of the **Payment Amounts** to **Entitled Payment Class Members**.

5.3    PAYMENT TO ENTITLED PAYMENT CLASS MEMBERS.

5.3.1    **Defendant** shall pay a maximum of $150 to each **Entitled Payment Class Member**, regardless of whether the basis of the **Entitled Payment Class Member**'s claim is a call and/or text and regardless of the number of calls or texts made to the **Entitled Payment Class Member**.

5.3.2    If after payment of the **Administrative Costs**, the **Incentive Award**, the **Litigation Expenses**, and the **Class Counsel Legal Fees**, the amount remaining for the payment of

**Settlement Costs** is not sufficient to pay $150 to each **Entitled Payment Class Member**, then each **Entitled Payment Class Member** shall receive an equal pro rata share of the amount remaining for payment of **Settlement Costs**.

        5.3.3   **Defendant** shall satisfy its obligation to make payment to **Entitled Payment Class Members** by paying the appropriate amount to the **Notice and Claims Administrator** pursuant to paragraph 5.2.1(b).

5.4      U̲NCASHED AND R̲ETURNED P̲AYMENT C̲HECKS.

        5.4.1   *Returned Checks*. If a check is returned as undeliverable with a forwarding address, the **Notice and Claims Administrator** will re-mail the check a single time to the provided address. If a check is returned as undeliverable without a forwarding address, the **Notice and Claims Administrator** will attempt to determine the correct address using industry-standard methods and will re-mail the check a single time if a new address is identified. Checks returned that are unable to be re-mailed will be considered "uncashed checks" as of the void date. If, after a second mailing, a check is again returned, no further efforts shall be taken by the **Notice and Claims Administrator** to mail the check again, and the check will be considered an "uncashed check" as of the void date. The **Notice and Claims Administrator** shall advise **Class Counsel** and **Defendant's Counsel** of the names of the claimants whose checks are returned as soon as practicable.

        5.4.2   *Uncashed Check(s)*.

        (a)     Ninety-one days (91) days after the issued date of the checks sent to the **Entitled Payment Class Members** under paragraph 5.2.1(c), the **Notice and Claims Administrator** shall cancel all uncashed checks and shall promptly return all funds represented by those checks to **Defendant**.

        (b)     The **Notice and Claims Administrator** and **Defendant** shall have no obligation to issue additional checks or make any payment for checks that are not cashed by the check void date.

        5.4.3   *Effect of Uncashed and Returned Checks*. The fact that a check has been returned and not been cashed shall not affect in any way the releases and dismissals of claims under this **Agreement** of the **Entitled Payment Class Member** involved, which shall remain in full force and effect.

        5.5      N̲ON-M̲ONETARY R̲ELIEF. In addition to the monetary relief provided herein, **Defendant** has represented that it and its **Subsidiaries** have enhanced personnel training regarding TCPA issues and will continue to engage in personnel training relating to the TCPA. Additionally, **Defendant** and **Subsidiaries** have developed several enhancements to their education loan servicing systems designed to prevent TCPA violations.

## ARTICLE 6
## CLASS COUNSEL LEGAL FEES, LITIGATION EXPENSES
## AND INCENTIVE AWARD

6.1     **CLASS COUNSEL LEGAL FEES AND LITIGATION EXPENSES**. **Class Counsel** will petition the **Court** for up to one million five hundred thousand dollars ($1,500,000.00) (33.333% of the total amount available for payment of **Settlement Costs**) for **Class Counsel Legal Fees** and **Litigation Expenses**.

6.2     **DEFENDANT'S AGREEMENT TO PAY AN INCENTIVE AWARD**.

6.2.1     **Class Counsel** will petition the **Court** for up to twenty five thousand dollars ($25,000.00) for an **Incentive Award** to the **Class Representative**.

6.3     **APPLICATION FOR FEES, EXPENSES, AND INCENTIVE AWARD**.

6.3.1     **Class Counsel** and the **Class Representative** shall file their **Attorneys' Fees**, **Litigation Expenses and Incentive Award Application** at the time they file their **Motion for Final Approval of Settlement**.

6.3.2     **Defendant** agrees that so long as the Application seeks amounts within the limits set forth in paragraphs 6.1 and 6.2.1, it will take no position on the Application and will waive any objections to the amount of the **Class Counsel Legal Fees**, **Litigation Expenses** and **Incentive Award** requested.

6.3.3     **Defendant** shall pay the **Class Counsel Legal Fees** and **Litigation Expenses** and **Incentive Award** directly to **Class Counsel** within five (5) business days following the **Effective Date**.

6.3.4     Payment for the **Class Counsel Legal Fees** and **Litigation Expenses** shall be made by check drawn in the total aggregate amount approved by the **Court** to the order of "Keogh Law, Ltd.," which shall be delivered to Keith J. Keogh at 55 W. Monroe St., Suite 3390, Chicago, Illinois 60603.

6.3.5     Payment for the **Incentive Award** shall be made by check drawn in the total aggregate amount approved by the **Court** to the order of "James David Cooper, Jr.," which shall be delivered to Keith J. Keogh at 55 W. Monroe St., Suite 3390, Chicago, Illinois 60603.

6.3.6     **Court** approval of the **Attorneys' Fees**, **Litigation Expenses and Incentive Award Application**, or of any particular form or amount for the **Class Counsel Legal Fees**, **Litigation Expenses** or **Incentive Award**, is not a condition to the validity or enforceability of the **Settlement** or this **Agreement**. **Class Representative** and **Class Counsel** accordingly agree and acknowledge that the **Settlement** and **Agreement** shall remain otherwise in full force and effect, without adjustment of any kind, regardless of the amount or form of any award for the **Class Counsel Legal Fees**, **Litigation Expenses** or **Incentive Award** ultimately approved by the **Court** or ordered by any appellate court. In addition, **Class Counsel** shall not be entitled to interest on **Class Counsel Legal Fees** and **Litigation Expenses**.

## ARTICLE 7
## RELEASES AND COVENANTS NOT TO SUE

7.1   RELEASES.

7.1.1   *Releases by **Class Representative***. Upon the **Effective Date**, the **Class Representative**, for himself and his respective spouse, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through him or who assert claims on his behalf (including the government in its capacity in *parens patriae*) release and forever discharge **Defendant** and **Subsidiaries**, their agents, clients, lawyers, officers, managers, employees, affiliates, insurers and their reinsurers, and assignees from: (A) all claims alleged in the **Complaint**; (B) all claims, including **Unknown Claims**, arising, in whole or in part, whether fully or only partially accrued, out of any transaction, fact, matter, thing, event or occurrence alleged in the **Complaint**; and (C) all claims, including **Unknown Claims**, regardless of on what legal theory based, for actual damages, statutory damages, punitive damages, civil fines, restitution, unjust enrichment, disgorgement, or other monetary relief of any and every kind (including, without limitation, claims based on breach of contract or any other contractual theory, tort, fraud, misrepresentation, unjust enrichment, violation of the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, or the consumer protection, fair debt collection practices, and unfair and deceptive acts and practices statutes of any state of the United States, or of any other federal, state, or local law, ordinance, statute, or regulation) arising, in whole or in part, whether fully or only partially accrued, out of any telephone calls or text messages placed to his cellular telephones, directly or indirectly, by **Defendant** or any **Subsidiary** on or before the date of this **Agreement**.

7.1.2   *Releases by **Non-Excluded Class Members***. Upon the **Effective Date**, all **Non-Excluded Class Members**, for themselves and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf (including the government in its capacity of *parens patriae*) shall be deemed to have released and forever discharged **Defendant** and **Subsidiaries**, their agents, clients, lawyers, officers, managers, employees, affiliates, insurers and their reinsurers, and assignees from: (A) all claims alleged in the **Complaint**; (B) all claims, including **Unknown Claims**, arising, in whole or in part, whether fully or only partially accrued, out of any transaction, fact, matter, thing, event or occurrence alleged in the **Complaint**; and (C) all claims, including **Unknown Claims**, regardless of on what legal theory based, for actual damages, statutory damages, punitive damages, civil fines, restitution, unjust enrichment, disgorgement, or other monetary relief of any and every kind (including, without limitation, claims based on breach of contract or any other contractual theory, tort, fraud, misrepresentation, unjust enrichment, violation of the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, or the consumer protection, fair debt collection practices, and unfair and deceptive acts and practices statutes of any state of the United States, or of any other federal, state, or local law, ordinance, statute, or regulation) arising, in whole or in part, whether fully or only partially accrued, out of any telephone calls or text messages placed to cellular telephones, directly or indirectly, by **Defendant** or any **Subsidiary** on or before the date of this **Agreement**. The release will not extend to claims or defenses relating to any underlying loans.

7.2     COVENANTS NOT TO SUE.

7.2.1   Upon the **Effective Date**, and without any further action, **Class Representative** and each **Non-Excluded Class Member** covenants not to institute, cause to be instituted, solicit the institution of, participate in the institution of or assist with the prosecution of any action, including, but not limited to, private or governmental actions, against **Defendant** or any **Subsidiary** in which liability is sought in any way to be predicated upon any **Released Claim**. **Defendant** or any **Subsidiary** may assert this Covenant Not to Sue by way of defense, counterclaim, cross claim, or set off. Upon learning of such an action, **Defendant** shall notify the **Class Representative** or **Non-Excluded Class Member**, or his or her counsel, that the individual is in violation of the Covenant Not to Sue, and shall demand that the **Class Representative** or **Non-Excluded Class Member** immediately cease his or her involvement in the action and take any and all affirmative steps available to him or her to cause the dismissal of the action. If the offending **Class Representative** or **Non-Excluded Class Member** continues his or her involvement in the action after receiving such notice from **Defendant** or does not seek the dismissal of the action, the offending **Class Representative** or **Non-Excluded Class Member** agrees to pay all costs of defense, including reasonable attorneys' fees, incurred by **Defendant** or any **Subsidiary** in defending any action brought by such person, such person caused to be brought, such person solicited the institution of, such person participated in the institution of, or such person assisted in the prosecution of, in violation of this Covenant Not to Sue. Alternatively, if the offending **Class Representative** or **Non-Excluded Class Member** ceases his or her involvement in the action upon receiving the above notice from **Defendant** and seeks dismissal of the action, the **Class Representative** or **Non-Excluded Class Member** shall not be liable to pay the costs of defense.

## ARTICLE 8
## DISMISSAL OF THE ACTION AND JUDGMENT

8.1     DISMISSAL OF THE **ACTION**. Pursuant to FED. R. CIV. P. 41(a)(1)(ii), the **Parties** stipulate and agree that upon the **Effective Date**, and without further action, all claims that were or could have been asserted by **Class Representative** and the **Settlement Class** against **Defendant** are dismissed, **with prejudice**, each party to pay his, her or its own costs, expenses and attorneys' fees, except to the extent the **Court** may order payment of such items to the **Class Representative** and/or **Class Counsel** under Article 6.

8.2     JUDGMENT. In the **Motion for Final Approval of Settlement** and at the **Hearing on Final Approval**, the **Parties** shall apply to the **Court** for entry of the **Judgment**, in form identical to Exhibit C, providing the following:

A.      Listing all **Opt-Outs** and finding and concluding that all other individuals included in the **Settlement Class** are **Non-Excluded Class Members**;

B.      Ordering that the **Judgment** is binding upon all **Non-Excluded Class Members**;

C.      Adjudging the terms of the **Settlement** to be fair, reasonable and adequate;

D.      Finally approving the **Settlement**;

E.      Finding and concluding: (i) that the **Postcard Notice** was delivered in accordance with the **Preliminary Approval of Settlement and Notice Order**; (ii) that the **Postcard Notice**, **Long Form Notice**, and if required under paragraph 10.6, **Publication Notice** were fair, reasonable and adequate; and (iii) that the method of providing notice to **Settlement Class Members** was the best practicable notice under the circumstances;

F.      Finding and concluding that the notice and claims process was conducted in accordance with the **Notice and Claims Procedures** as set forth herein and as approved in the **Preliminary Approval of Settlement and Notice Order**, and approving and confirming the same;

G.      Approving the award for **Class Counsel Legal Fees**, **Litigation Expenses** and **Incentive Award**, and ordering that payments be made to **Class Representative** and **Class Counsel** in accordance therewith;

H.      Ordering that the **Notice and Claims Administrator** and the **Parties** comply strictly and completely with the **Notice and Claims Procedures**;

I.      Declaring that each **Non-Excluded Class Member** shall be deemed to have fully, finally and forever released, relinquished and discharged **Defendant** from the **Released Claims**, <u>regardless of</u> whether any such **Non-Excluded Class Member** executed and delivered a **Claim Form** or receives any payment or distribution pursuant to the **Settlement**;

J.      Stating that no finding of fact or conclusion of law was made in the **Action** that **Defendant** engaged in any wrongful conduct of any kind whatsoever;

K.      Ordering dismissal of the **Action** as set forth in paragraph 8.1;

L.      Ordering that the **Court** retains exclusive jurisdiction to enforce the terms of the **Settlement**, the **Agreement**, the award of **Class Counsel Legal Fees**, **Litigation Expenses** and the **Incentive Award**, the **Notice and Claims Procedures** and the **Judgment**.

## ARTICLE 9
## CLASS NOTICE, EXCLUSION, OBJECTION
## AND CLAIMS ADMINISTRATION

9.1     The **Notice and Claims Procedures** shall be managed and administered by the **Notice and Claims Administrator**.

9.2     The **Parties** shall agree on a person or entity to serve as the **Notice and Claims Administrator**, whose appointment shall be subject to **Court** approval.

9.3     The duties of the **Notice and Claims Administrator** are the following:

(a)      Interact with and report as needed to **Class Counsel**, **Defendant's Counsel** and the **Court** in the performance of its responsibilities.

- 14 -

(b)    Open and maintain a bank account at a federally insured national bank for the receipt and disbursement of funds under the **Agreement** and **Judgment**.

(c)    Use diligent and reasonable efforts to identify the **Settlement Class Members** by using reverse look-up procedures to determine **Settlement Class Members**' names and mailing addresses.

(d)    Mail by first class United States mail the **Postcard Notice** to potential **Settlement Class Members** whose names and addresses are identified through the reverse look-up procedures.

(e)    Create, manage, maintain and monitor the **Website**.

(f)    Provide on the **Website** a downloadable **Claim Form**.

(g)    Create, manage, maintain and monitor a program on the **Website** that allows potential **Settlement Class Members** to submit claims online.

(h)    Place the **Long Form Notice** on the **Website** in a conspicuous place and provide for reasonable access to it.

(i)    If necessary pursuant to paragraph 10.6, post the **Publication Notice** for two consecutive weeks.

(j)    Prepare and deliver to **Class Counsel** and **Defendant's Counsel** a weekly report of all claims, returned mail, deficient claims, class member inquiries and activity.

(k)    Create, manage, maintain, and monitor the **Call-In Line**.

(l)    Ensure that potential **Settlement Class Members** may request and obtain a **Claim Form** via the **Call-In Line.**

(m)    Assemble, record, maintain, report on and, after one year, deliver to **Defendant's Counsel** a list of all **Postcard Notices** returned as undelivered or undeliverable with the names and addresses of the persons to whom the notices were sent.

(n)    Assemble, record, maintain, report on and preserve **Request(s) for Exclusion**.

(o)    Assemble, record, maintain, report on, and preserve **Notices of Objection** to the extent received.

(p)    Determine the eligibility of potential **Settlement Class Members** to receive payment of the **Payment Amount**;

(q)    Work with potential **Settlement Class Members** who submit an incomplete or inconsistent Claim Form to complete the Claim Form and receive payment under the **Settlement**.

(r)      Disburse payments to **Entitled Payment Class Member(s)** in accordance with the terms of this **Agreement** and the **Judgment**.

(s)      Account appropriately for receipts and disbursement of cash.

(t)      Prepare and deliver to **Class Counsel** and **Defendant's Counsel** a final report and accounting of cash receipts and disbursements.

(u)      Fulfill all responsibilities specifically required by the **Agreement**, **Preliminary Approval of Settlement and Notice Order** and the **Judgment**.

(v)      Take all action reasonably necessary to fulfill its responsibilities under the **Agreement**, the **Preliminary Approval of Settlement and Notice Order** and the **Judgment**.

(w)      Prepare and deliver a final report to **Class Counsel** and **Defendant's Counsel** certifying that it has performed all of its tasks and responsibilities and that the **Notice and Claims Procedures** and **Claims and Distribution Procedures** have been successfully completed.

9.4      The **Parties** agree that the **Notice and Claims Administrator** shall be Epiq Systems, and the **Parties** agree to seek its approval and appointment by the **Court** in the **Preliminary Approval of Settlement and Notice Order**.

9.5      **Defendant** agrees to pay all **Administrative Costs** as they become due, pursuant to financial and payment arrangements to be agreed to by it and the **Notice and Claims Administrator**. All **Administrative Costs** will be deducted from and paid out of the total amount available for **Settlement Costs**.

## ARTICLE 10
## NOTICE PROCEDURES

10.1      **Defendant** shall deliver the **Settlement Class Members List** to the **Notice and Claims Administrator** and **Class Counsel** within three (3) business days of the issuance of the **Preliminary Approval of Settlement and Notice Order**.

10.2      Using the **Settlement Class Members List**, the **Notice and Claims Administrator** shall perform a reverse look-up for the cellular telephone numbers called and texted to determine the name of each person called or texted and his or her most recent mailing address. The **Notice and Claims Administrator** shall utilize as many vendors as needed to identify as many potential **Settlement Class Members** as possible.

10.3      **POSTCARD NOTICE.** Within thirty (30) business days of receipt of the **Settlement Class Members List**, the **Notice and Claims Administrator** shall send the **Postcard Notice** to all potential **Settlement Class Members** it has identified, properly addressed to the addresses it has determined pursuant to paragraph 10.2, by first class United States mail, postage pre-paid. The **Postcard Notice** shall take the form of Exhibit F.

10.4     In the event that the United States Postal Service, or any other person or entity, notifies the **Notice and Claims Administrator** of a forwarding address or change of address for a potential **Settlement Class Member** different from that to which the **Postcard Notice** was originally mailed, the **Notice and Claims Administrator** shall send a copy of the **Postcard Notice** to such person at such new address by the same manner and means as the original mailing.

10.5     The fact that a **Postcard Notice** is returned and marked "addressee unknown," "undeliverable," or such similar designation, shall not render the notice ineffective as to such **Settlement Class Member**, serve to exclude such **Settlement Class Member** from the **Settlement Class**, or render the **Settlement**, this **Agreement** or the **Judgment** ineffective as to such **Settlement Class Member**.

10.6     PUBLICATION NOTICE. Within two (2) business days of sending the **Postcard Notice** to all potential **Settlement Class Members** it has identified, the **Notice and Claims Administrator** shall determine whether the **Postcard Notice** was sent to at least seventy percent (70%) of the potential **Settlement Class Members**, as identified through the telephone numbers included in the **Settlement Class Members List**. If the **Notice and Claims Administrator** determines that the **Postcard Notice** was not sent to at least seventy percent (70%) of the potential **Settlement Class Members**, the **Notice and Claims Administrator** shall publish **Publication Notice** electronically on the internet and/or social media sites for two consecutive weeks. The **Publication Notice** shall be sufficient to reach at least 70% of the potential **Settlement Class Members**, inclusive of those potential **Settlement Class Members** reached through **Postcard Notice**. The **Publication Notice** shall be in the form substantially in the form of Exhibit E. In addition, within thirty (30) days of mailing the **Postcard Notice**, the **Notice and Claims Administrator** shall evaluate, based on the number of undeliverable **Postcard Notices** received, whether the **Postcard Notice** reached a sufficient percentage of the potential **Settlement Class Members**. If the **Notice and Claims Administrator** determines that the **Postcard Notice** has not reached a sufficient percentage of the potential **Settlement Class Members**, the **Notice and Claims Administrator** shall publish **Publication Notice** electronically on the internet and/or social media sites for two consecutive weeks.

10.7     Within fourteen (14) days of receipt of the **Settlement Class Members List**, the **Notice and Claims Administrator** shall also: (A) activate the **Website**; and (B) commence operating the **Call-In Line**.

10.8     WEBSITE. The **Notice and Claims Administrator** shall post on the **Website** in a conspicuous place the **Postcard Notice**, the **Long Form Notice**, a copy of this **Agreement**, a downloadable **Claim Form**, the **Preliminary Approval of Settlement and Notice Order**, and any other materials the **Parties** agree to include. The **Website** shall also provide for online submission of the **Claim Form**. These documents and the online claims submission portal shall be available on the **Website** within fourteen (14) days of the **Notice and Claims Administrator** receiving the **Settlement Class Members List** and shall remain at least until **Final Approval**. The **Notice and Claims Administrator** shall secure a URL for the **Website**, which shall be selected by **Class Counsel** and approved by **Defendant**. The **Website** shall not include any advertising, and shall not bear or include **Defendant**'s logos or trademarks.

10.9   **CALL-IN LINE.** The **Call-In Line** shall be a toll free telephone call-in line and phone number, which people can use to call and have questions about the **Settlement**, the **Preliminary Approval of Settlement and Notice Order**, and **Postcard Notice** answered, and to request a **Claim Form**. The **Call-In Line** will use interactive voice response technology ("IVR") to address frequently asked questions; it will not have live operators. The **Call-In Line** will be maintained until thirty (30) days after the **Claim Filing Deadline**, after which, for ninety (90) days a recording will advise any caller to the **Call-In Line** that the **Claim Filing Deadline** has passed and that the details regarding the **Settlement** may be reviewed on the **Website**.

10.10   CAFA AND CFPB NOTICE. The **Notice and Claims Administrator** shall prepare and serve the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) calendar days of the filing of the **Motion for Preliminary Approval of Settlement and Notice Order**. The **Notice and Claims Administrator** shall also provide notice of the **Settlement** to the Consumer Financial Protection Bureau ("CFPB"). The costs associated with the CAFA and CFPB notice shall be deducted from the amount available to pay **Settlement Costs**.

10.11   Within twenty-five (25) days following the mailing of the **Postcard Notice**, the publication of the **Publication Notice** if necessary, the activation of the **Website** and the activation of the **Call-In Line**, as provided in paragraphs 10.3, 10.6, and 10.7, the **Notice and Claims Administrator** shall certify to **Class Counsel** and **Defendant's Counsel** that the notice procedure has been completed in accordance with the **Preliminary Approval of Settlement and Notice Order**. Such certification shall contain: (i) a certification that the **Postcard Notices** were mailed in accordance with the requirements of the **Preliminary Approval of Settlement and Notice Order**; (ii) a certification that the **Publication Notice**, if required, was published electronically on the internet and/or social media sites for two consecutive weeks; (iii) a summary of the number of **Postcard Notices** mailed, returned undeliverable and re-mail attempts made; (iv) a list of the names and addresses to which the **Postcard Notice** was originally mailed; (v) a list of the names and new addresses of any potential **Settlement Class Members** as to whom the **Notice and Claims Administrator** received a notice of changed address, and re-mailed the **Postcard Notice**; (vi) a list of the names and addresses of any potential **Settlement Class Member** as to whom the **Notice and Claims Administrator** received an "addressee unknown," "undeliverable" or such other form of notification in response to the last mailing sent to such person; (vii) if required, proof of publication of the **Publication Notice**; (viii) a certification that the **Website** and **Call-In Line** have been activated and are operational; and (ix) a certification that CAFA notice and CFPB notice were provided.

10.12   None of the **Parties** shall make any press release relating to the **Settlement** until after **Final Approval**. This provision shall not impact **Class Counsel**'s ability to respond to **Settlement Class Members**' inquiries or their fiduciary duty to the class. Any questions that any **Settlement Class Member** directs to **Defendant** or **Defendant's Counsel** will be referred to **Class Counsel** without substantive comment or discussion.

10.13   The **Notice and Claims Administrator** shall preserve all physical documents submitted by the **Settlement Class Members** for a period of one (1) year, and an electronic record or image of all documents received and interactions with class members for a period of three (3) years. Following the

expiration of each period, the **Notice and Claims Administrator** shall deliver the documents and materials to **Defendant's Counsel**.

<div align="center">

**ARTICLE 11**
**PROCEDURES REGARDING EXCLUSION**
**FROM THE SETTLEMENT CLASS**

</div>

11.1     Any **Settlement Class Member** (other than **Class Representative**) may be excluded from the **Settlement**, the **Agreement**, and the **Settlement Class** by timely mailing to the **Notice and Claims Administrator** a writing that requests that the **Settlement Class Member** be so excluded, in conformity with the following requirements.

11.2     Any **Settlement Class Member** desiring **Exclusion** must submit a written **Request for Exclusion** to the **Notice and Claims Administrator**, which shall state the **Settlement Class Member**'s name, address, cellular telephone number called by **Defendant**, and current telephone number if different from the number called by **Defendant** and specifically request **Exclusion**, as defined in paragraph 3.19.

11.3     In order to be effective to exclude a **Settlement Class Member**, a **Request for Exclusion** must be mailed by first class United States mail or standard overnight delivery systems, properly addressed, proper postage prepaid, to the **Notice and Claims Administrator** at the address indicated in the **Postcard Notice** and **Long Form Notice**, and post-marked with a date on or before the **Exclusion Deadline**.

11.4     A **Settlement Class Member** who submits a valid **Request for Exclusion** shall:

(i)      have no rights under the **Settlement**, the **Agreement** or the **Judgment**;

(ii)     have no right to any portion of the amount available to pay **Settlement Costs**;

(iii)    not be bound by the **Settlement**, the **Agreement** or the **Judgment**;

(iv)     not be deemed to have released any claims he or she may have against **Defendant** or any **Subsidiary**;

(v)      not have any claims he or she may have against **Defendant** or any **Subsidiary** dismissed by the **Judgment**; and

(vi)     have no right or standing to object to the **Settlement**, the **Agreement**, the **Notice and Claims Procedures**, the proposed awards of **Class Counsel Legal Fees**, **Litigation Expenses** and **Incentive Award**, or any other matter having to do with the administration or effectuation of the **Settlement**, the **Agreement** or the **Judgment**.

<div align="center">- 19 -</div>

11.5   Within seven (7) business days after the **Exclusion Deadline**, the **Notice and Claims Administrator** shall provide to **Class Counsel** and **Defendant's Counsel** a written report identifying the **Opt-Outs** (if any). This report shall be accompanied by complete copies of all **Requests for Exclusion** received by the **Notice and Claims Administrator** and all documents that purported to be a **Request for Exclusion** that were not timely mailed to the **Notice and Claims Administrator**, or were not treated as effective by him or her for some other reason, and shall state for each such document the date it was mailed, emailed, facsimiled or hand delivered to the **Notice and Claims Administrator**.

11.6   **Class Representative** agrees that: (i) the **Settlement**, the **Agreement** and the proposed form of **Judgment** are fair, reasonable and adequate, both to him and to the **Settlement Class**; (ii) he will not file a **Request for Exclusion** nor seek to exclude himself from the **Settlement Class** in any way; and (iii) he waives any right he may have to do so.

## ARTICLE 12
## PROCEDURES REGARDING OBJECTIONS
## TO THE SETTLEMENT

12.1   Any **Non-Excluded Class Member** may object to the **Settlement**, the **Agreement**, any aspect or element of the **Attorneys' Fees, Litigation Expenses and Incentive Award Application**, the **Notice and Claims Procedures**, the proposed form of the **Judgment** or any other term of the **Settlement** or **Agreement**, in accordance with the following.

12.2   A **Non-Excluded Class Member** desiring to object must file a **Notice of Objection** with the **Court**, and mail a copy to **Class Counsel**, **Defendant's Counsel** and the **Notice and Claims Administrator** at the addresses stated in the notices.

12.3   A **Notice of Objection** must be (i) written; (ii) state the name, address and telephone number of the objecting **Non-Excluded Class Member**; (iii) provide satisfactory proof of his or her membership in the **Settlement Class,** including identifying the number called by **Defendant**; and (iv) set forth the grounds of objection.

12.4   In order to be effective, a **Notice of Objection**, along with all material submitted in support of or in relation to the objection, must be filed with the **Court** and delivered to **Class Counsel**, **Defendant's Counsel** and the **Notice and Claims Administrator** at the addresses stated in the **Long Form Notice** and **Postcard Notice**, by no later than the **Objection Deadline**. The **Notice of Objection** will be deemed filed with the **Court** for these purposes under the normal rules governing filings with the **Court**. The **Notice of Objection** will be deemed timely delivered to **Class Counsel**, **Defendant's Counsel** and the **Notice and Claims Administrator** if it is mailed by first class United States mail, proper postage pre-paid, or standard overnight delivery systems, and properly addressed to **Class Counsel**, **Defendant's Counsel** and the **Notice and Claims Administrator** at the addresses set forth in the **Long Form Notice**, and post-marked with a date no later than the **Objection Deadline**.

12.5   No **Non-Excluded Class Member** shall be heard at the **Hearing on Final Approval** unless such person has complied with the requirements set forth in paragraphs 12.1-12.4, and no objection or basis of objection shall be considered at the **Hearing on Final Approval**, or provide a basis for alteration or modification of the **Settlement**, the **Agreement**, the **Class Counsel Legal Fees**, the

**Litigation Expenses**, **Incentive Award**, the **Postcard Notice**, the **Long Form Notice**, the **Publication Notice**, the **Notice and Claims Procedures**, the proposed **Judgment**, or any other term of the **Settlement** or **Agreement**, unless such objection or basis of objection was set forth in a timely **Notice of Objection** filed and delivered in accordance with the requirements and procedures of those paragraphs.

12.6    A **Non-Excluded Class Member**, who complies with the requirements of paragraphs 12.1-12.4, may appear *pro se* at the **Hearing on Final Approval** or may enter an appearance at the **Hearing on Final Approval** through counsel of such member's own choosing and at such member's own expense.

## ARTICLE 13
## PROCEDURES REGARDING THE SUBMISSION OF CLAIMS BY SETTLEMENT CLASS MEMBERS TO RECEIVE A PAYMENT

13.1    To receive payment, a **Non-Excluded Class Member** must submit a timely **Claim Form** to the **Notice and Claims Administrator**, in accordance with the following.

13.2    Each **Settlement Class Member** who is not an **Opt-Out** is entitled to make a claim for payment. Each such **Settlement Class Member** shall be entitled to make only one claim, regardless of the number of telephone calls or text messages that **Defendant** placed to the **Settlement Class Member**'s cellular telephone number(s). The **Notice and Claims Administrator** shall ensure that no more than one **Claim Form** is filed for each **Non-Excluded Class Member** and cellular telephone number.

13.3    The **Claim Form** must be in the form of Exhibit A, and shall include an attestation by the claimant, under penalty of perjury pursuant to 18 U.S.C. § 1621(2), that to the best of the claimant's knowledge and belief all of the information he or she provided in the **Claim Form** is accurate and truthful.

13.4    To be effective to entitle a **Non-Excluded Class Member** to a payment under paragraph 5.3, the **Claim Form** must be mailed by first class United States mail, proper postage pre-paid, or by standard overnight delivery systems, and properly addressed to the **Notice and Claims Administrator** at the address indicated in the **Claim Form** and the **Long Form Notice**, and post-marked with a date no later than the **Claim Filing Deadline**, or the **Claim Form** must be submitted on the **Website** no later than the **Claim Filing Deadline**. Any **Claim Form** postmarked or submitted online after the **Claim Filing Deadline** shall be deemed untimely and invalid.

13.5    If a **Non-Excluded Class Member** submits an incomplete or improperly filled out **Claim Form**, the **Notice and Claims Administrator** shall attempt to contact the **Non-Excluded Class Member** to request that he or she resubmit the **Claim Form**, and the resubmitted **Claim Form** will be considered timely if it is received before the **Claim Filing Deadline**.

13.6    By submitting a **Claim Form**, a **Non-Excluded Class Member** submits himself, herself or itself to the jurisdiction of the **Court** for the purpose of asserting a claim to payment and agrees to be bound by the **Judgment** as it is ultimately entered.

13.7    The **Notice and Claims Administrator** shall have the right to approve and verify claims. **Class Counsel** shall have the right to inspect any claims rejected as incomplete or otherwise invalid. The **Notice and Claims Administrator**'s responses to such inquiries shall be prompt and as immediate as reasonably possible. In the event that the **Parties** dispute the **Notice and Claims Administrator**'s determination to reject or approve a claim, **Defendant's Counsel** and **Class Counsel** shall meet and confer to resolve the dispute, and if counsel are unable to resolve the dispute, the **Court** shall resolve the dispute.

13.8    No **Non-Excluded Class Member** shall be entitled to any payment, unless he, she or it has filed a timely **Claim Form** in accordance with paragraphs 13.1-13.4. Except as may otherwise be ordered by the **Court**, all **Non-Excluded Class Members** who fail to submit a timely and valid **Claim Form** shall be forever barred from receiving any distributions of the amount available for payment of **Settlement Costs**, but will in all other respects be subject to and bound by the provisions of the **Settlement**, the **Agreement** and the **Judgment**.

13.9    The procedure for processing claims and payment of claims to **Non-Excluded Class Members** shall be as set forth in paragraphs 5.2, 5.3, and 5.4.

## ARTICLE 14
### LIMITATION OF DEFENDANT'S RESPONSIBILITIES REGARDING NOTICE, EXCLUSION, OBJECTION AND CLAIMS PROCEDURES

14.1    Other than delivering the **Settlement Class Members List** to the **Notice and Claims Administrator** and **Class Counsel**, and paying the **Administrative Costs**, **Defendant** shall have no responsibility or liability whatsoever with respect to: (i) the provision of notice to **Settlement Class Members** or delivery of the **Postcard Notice** to them; (ii) locating **Settlement Class Members**; (iii) the **Notice and Claims Procedures**; or (iv) providing technical or database support with regard to the **Notice and Claims Procedures**. No Person shall have any claim of any kind against **Defendant** or **Defendant's Counsel** with respect to these matters.

## ARTICLE 15
### PRELIMINARY APPROVAL OF SETTLEMENT AND SECURING ISSUANCE OF PRELIMINARY APPROVAL OF SETTLEMENT AND NOTICE ORDER

15.1    As soon as possible following the date of this **Agreement**, the **Parties** shall jointly file a **Motion for Preliminary Approval of Settlement and Notice Order**. The **Motion for Preliminary Approval of Settlement and Notice Order** will request the **Court** to set the **Hearing on Final Approval** no sooner than one hundred thirty five (135) days and no longer than one hundred sixty five (165) days after the **Court** enters its Order granting preliminary approval. The **Motion for Preliminary Approval of Settlement and Notice Order** will further request that the **Motion for Final Approval of Settlement** be due at least fourteen (14) days prior to the **Hearing on Final Approval**.

15.2    The **Motion for Preliminary Approval of Settlement and Notice Order** shall request the **Court** to enter a **Preliminary Approval of Settlement and Notice Order**, in form identical to Exhibit B.

## ARTICLE 16
## TERMINATION OF AGREEMENT

16.1    THE **PARTIES**' TERMINATION RIGHT. Any **Party**, in his, her or its sole, absolute and unreviewable discretion, shall have the option to terminate this **Agreement** at any time if any one or more of the following occurs prior to the **Effective Date**:

A.    The **Court**, or any appellate court should any aspect of the **Action** be appealed, fails or refuses to certify the **Settlement Class** in precisely the following language:

"All persons in the **United States** to whose cellular telephone **Defendant** placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010 to the date of the **Preliminary Approval of Settlement and Notice Order**, where **Defendant** did not have express consent to call said cellular telephone number."

B.    The **Court**, or any appellate court should any aspect of the **Action** be appealed, orders or requires notice to the **Settlement Class** in some other form, or by some other or additional manner or means, than as set forth in the **Agreement**, unless the other form or additional manner or means required is substantially and materially the same as set forth in the **Agreement**.

C.    The **Court**, or any appellate court should any aspect of the **Action** be appealed, orders or requires changes to or modifications of the procedures for notice, exclusion from the **Settlement Class**, objections to the **Settlement** and the making of claims as set forth in the **Agreement**, unless the changes to or modifications of the procedures required are substantially and materially the same as set forth in the **Agreement**.

D.    The **Court**, or any appellate court should any aspect of the **Action** be appealed, fails to finally approve the **Settlement** and/or the **Agreement**, or orders any material changes or modifications to the **Agreement**, as a condition of preliminary or **Final Approval**.

E.    The **Court**, or any appellate court should any aspect of the **Action** be appealed, in any material way changes, modifies, reverses, vacates or orders changes or modifications to any of the following provisions of the **Agreement**, the **Preliminary Approval of Settlement and Notice Order** or the **Judgment**:

(i)    The **Payment Amount** and means of determining it;

(ii)    The definition of the **Settlement Class** as set forth in the **Agreement** and Exhibits B and C;

(iii)    The language by which the **Class Representative** or **Settlement Class Members** are deemed to release and

<p style="text-indent:2em">covenant not to sue **Defendant** and **Subsidiaries**, as set forth in the **Agreement**;</p>

(iv)   The **Court** does not enter the **Preliminary Approval of Settlement and Notice Order** in substantially the form of Exhibit B, without material change;

(v)    The **Court** does not enter the **Judgment** substantially in the form of Exhibit C, without material change;

(vi)   The **Court**, or any appellate court should any aspect of the **Action** be appealed, in any way changes, modifies, reverses, vacates or orders changes or modifications to this Termination Right; or

(vii)  The **Effective Date** does not occur within three hundred sixty-five (365) days after the **Preliminary Approval of Settlement and Notice Order** is entered by the **Court**.

16.2   MANNER OF EXERCISE OF TERMINATION RIGHT. Each **Party** desiring to terminate, shall exercise his, her or its right of termination by providing the **Court** and other **Parties** with written notice of termination within ten (10) business days of discovery of the occurrence providing the right to terminate.

16.3   OTHER TERMINATION. Except to the extent provided in paragraph 16.1, this **Agreement** may be terminated only by the written, mutual agreement of the **Class Representative** and **Defendant**, or by Order of the **Court**.

16.4   EFFECTS OF TERMINATION. Upon termination of the **Settlement** and **Agreement** the following shall occur and obtain:

A.   This **Settlement** and the **Agreement** shall become null and void, and of no further force and effect, except as provided in this paragraph 16.4;

B.   Neither the **Settlement** nor the **Agreement**, nor evidence of any negotiations, mediations or proceedings relating thereto, shall be admissible for any purpose whatsoever in any proceeding other than to enforce the provisions of this **Agreement**, to effect the winding up of the **Settlement** and the **Agreement** and/or in other related proceedings;

C.   The **Parties** shall be restored to their respective positions in the **Action** existing as of the date immediately preceding the execution of the **Agreement**;

D.   Within fifteen (15) days following termination, the **Parties** shall jointly or individually move for a Scheduling Conference with the **Court** to deal with the status, planning, scheduling and future proceedings in the **Action**, and submit a new proposed Scheduling Order for immediate entry, after the

**Parties** have first conferred in good faith regarding such new proposed Scheduling Order;

E.      Within fourteen (14) days of being provided notice of termination, the **Notice and Claims Administrator** will pay **Defendant** all amounts then in its possession after deducting all costs. In the event of termination, the **Notice and Claims Administrator** shall, upon request, provide **Defendant** with an accounting of cash receipts and disbursements;

F.      All **Court** dates then set relating to the effectuation of the **Settlement** and the **Agreement** shall be vacated; and

G.      The **Court** shall vacate the **Preliminary Approval of Settlement and Notice Order**, insofar as it certified the **Settlement Class**, *nunc pro tunc* the date of the **Agreement**.

## ARTICLE 17
## NOTICES

17.1    Notices required to be provided to any **Party** shall be effected by letter, properly addressed and mailed as designated below by first class United States mail proper postage pre-paid or by standard overnight delivery systems, and by email.

### TO CLASS REPRESENTATIVE
### AND THE SETTLEMENT CLASS:

Keith J. Keogh
Keogh Law, Ltd.
55 W. Monroe St.
Suite 3390
Chicago, Illinois 60603
email: keith@keoghlaw.com

Scott Owens
Scott D. Owens, P.A.
3800 S. Ocean Drive, Suite 235,
Hollywood, FL 33019.
email: scott@Scottdowens.com

### TO DEFENDANT:

Richard B. Benenson
Matthew C. Arentsen
Brownstein Hyatt Farber Schreck, LLP
410 17th Street
Suite 2200
Denver, Colorado 80202

- 25 -

emails:
rbenenson@bhfs.com
marentsen@bhfs.com

## ARTICLE 18
## ACKNOWLEDGEMENT OF FAIR AND REASONABLE RECOVERY
## OF ECONOMIC LOSES

18.1    **Class Representative** and all **Non-Excluded Class Members** acknowledge that the payments they are receiving under the **Settlement** and the **Agreement** constitute fair and just compensation for any actual or statutory damages or economic losses they may have suffered, and all unjust enrichment **Defendant** or any **Subsidiary** may have realized, from or by virtue of: (i) any telephone calls or texts placed by **Defendant** to **Class Representative**'s and all **Non-Excluded Class Members**' cellular telephones during the **Class Period**; (ii) any conduct alleged in the **Complaint**; and (iii) any conduct or claim encompassed by the **Released Claims**.

## ARTICLE 19
## NO ADMISSION OF LIABILITY OR WRONGDOING
## BY DEFENDANT

19.1    **Defendant** has concluded that further litigation would be protracted and expensive, and would also divert management and employee time. **Defendant** therefore is entering into this **Settlement** and **Agreement** solely to avoid the expense and burden of litigation.

19.2    By entering into this **Settlement** and **Agreement**, **Defendant** does not admit that it or any **Subsidiary** have engaged in any unlawful or wrongful conduct of any kind whatsoever, and **Defendant** continues to deny unlawful conduct or wrongdoing as it has done throughout the **Litigation**. Nothing herein shall constitute an admission by **Defendant** or any **Subsidiary** of liability or of the truth of any factual allegations in the **Action**. **Class Representative** alleges that **Defendant** used an automatic telephone dialing system to call persons in violation of the TCPA. For the purposes of this **Settlement** only, the **Parties** have agreed to frame the **Settlement Class** definition in accordance with the allegations in the **Complaint** and, therefore, have included the term automatic telephone dialing system in the **Settlement Class** definition. **Defendant**, however, disputes and denies that it or any **Subsidiary** used an automatic telephone dialing system as defined under the TCPA to call persons. Nothing herein shall constitute an admission by **Defendant** that the **Action** is properly brought on a class or representative basis other than for settlement purposes.

19.3    The **Parties** agree that the **Settlement**, the negotiation and execution of this **Agreement**, and all acts performed or documents executed pursuant to or in furtherance of the **Settlement** (i) are not, shall not be deemed to be and may not be used as, an admission or evidence of any fault or omission on the part of **Defendant** or any **Subsidiary** in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and (ii) are not, shall not be deemed to be and may not be used as, an admission of the appropriateness of these or similar claims for class certification under state or federal laws governing class actions.

## ARTICLE 20
## COURT AUTHORITY

20.1    The **Court** shall have exclusive jurisdiction and authority to enforce the terms of the **Settlement** and the **Agreement**, including, without limitation, the authority to enforce the duties of the **Parties** to cooperate in their implementation.

## ARTICLE 21
## MISCELLANEOUS PROVISIONS

21.1    Each **Party** acknowledges that the **Settlement** and the **Agreement** was arrived at after full negotiation and consideration in which all **Parties** were represented by competent, experienced and informed counsel.

21.2    The **Parties** agree that no finding or conclusion of law was made in the **Action** that any **Party** engaged in any wrongful conduct of any kind whatsoever.

21.3    Pursuant to Federal Rule of Evidence 408, this **Agreement** and any related documents filed or created in connection with it shall be inadmissible in evidence in any proceeding, except as necessary to approve, interpret or enforce the **Settlement**, the **Agreement**, the Releases and/or the Covenants Not to Sue. **Class Representative** and **Class Counsel** agree that they shall not refer to or offer or seek to admit the **Settlement** or the **Agreement** into evidence in any proceeding for any purpose other than in the **Action** and/or a proceeding involving an effort to enforce the **Settlement**, the **Agreement**, the Releases and/or the Covenants Not to Sue.

21.4    The **Parties** agree to cooperate in the implementation of the **Settlement** and the **Agreement** in accordance with their terms and the schedule set by the **Court**, and to utilize reasonable and good faith efforts to obtain satisfaction of all conditions necessary for the **Effective Date** to occur, for the **Judgment** to be entered and for the **Settlement** to be effected.

21.5    The Confidentiality Agreement, entered into by the **Parties**, **Defendant's Counsel** and **Class Counsel** on July 7, 2014, shall remain in full force and effect and shall survive the effectuation of the **Settlement** and the **Agreement**.

21.6    This **Agreement** shall be binding on, and shall inure to the benefit of, the **Parties** and their respective successors, assigns, executors, administrators, heirs and legal representatives, as the case may be; provided, however, that no assignment by any **Party** shall operate to relieve such **Party** of his, her or its obligations under the **Agreement**.

21.7    This **Agreement** may be executed by facsimile, or emailed .pdf copy, and in multiple counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Photocopies and .pdfs of signatures shall be treated as originals for all purposes.

21.8    This **Agreement**, together with all Exhibits, constitutes the sole and entire agreement among the **Parties** with respect to the subject matter hereof, and no representations, warranties, inducements, promises, or agreements (oral or otherwise) not embodied herein shall be binding upon the

**Parties**. Any and all prior discussions, negotiations, agreements, commitments and understandings relating to the subject matter of this **Agreement** are superseded and merged into it.

21.9     The terms of this **Agreement** may not be changed, waived, modified or varied in any manner whatsoever unless in writing signed by all **Parties**.

21.10    The provisions of this **Agreement** (including any specified time periods) may be modified by written agreement between the **Parties**, with the consent of the **Court**, without further notice to the **Settlement Class Members**, unless the **Court** requires such notice.

21.11    The failure by any **Party** to insist upon the strict performance by any other **Party** of any of the provisions of this **Agreement** shall not be deemed a waiver of any of the **Agreement**'s provisions, and notwithstanding such failure, no **Party** shall be thereby released from any obligations under the **Agreement**.

21.12    Except as otherwise specifically provided, all periods of time set forth in this **Agreement** shall be a period of calendar days, not business days. If a period of time set forth in this **Agreement** expires on a weekend or legal holiday, the period shall be extended to the first ensuing business day.

21.13    This **Agreement** shall be governed by, and construed in accordance with, the laws of the State of Colorado, without regard to its conflict of laws principles. This **Agreement** may be enforced solely in the **Court**.

21.14    This **Agreement** shall not be construed more strictly against one **Party** than another merely by virtue of the fact that it may have been prepared by counsel for one of the **Parties**, it being recognized that, because of the arm's length negotiations between the **Parties**, all **Parties** hereto have contributed substantially and materially to the preparation of this **Agreement**.

21.15    The **Agreement** is not enforceable until executed by each of the **Parties** set forth below. Upon execution by all **Parties**, it shall be deemed entered into as of the date first set forth on page 1.

21.16    Pursuant to Fed. R. Civ. P. 23(e), this **Agreement** is subject to approval by the **Court**.

21.17    The Recitals are incorporated into and made terms of this **Agreement**.

<div align="center">[SIGNATURES BEGIN ON NEXT PAGE]</div>

**CLASS REPRESENTATIVE**
ON BEHALF OF HIMSELF INDIVIDUALLY AND THE
SETTLEMENT CLASS MEMBERS:

| | |
|---|---|
| _James David Cooper, Jr._<br>James David Cooper, Jr.<br>Personally and as<br>               Class<br>Representative of the<br>**Settlement Class** | |

**DEFENDANT**:

| | |
|---|---|
| NELNET, INC.<br><br>By:_____ | |
| **CLASS COUNSEL**:<br>KEOGH LAW, LTD.<br><br>By:_____<br>   Keith J. Keogh<br><br>**As Putative Class Counsel Only**<br>**and Not as a Party** | **DEFENDANT'S COUNSEL**:<br>BROWNSTEIN HYATT FARBER SCHECK<br>LLP<br><br>By:<br>   Richard B. Benenson<br><br>**As to Form Only** |
| **CLASS COUNSEL**:<br>SCOTT OWENS, P.A.<br><br>By:<br>   Scott D. Owens<br><br>**As Putative Class Counsel Only**<br>**and Not as a Party** | |

**CLASS REPRESENTATIVE**
ON BEHALF OF HIMSELF INDIVIDUALLY AND THE
SETTLEMENT CLASS MEMBERS:

James David Cooper, Jr.

**Personally and as
Class Representative of the
Settlement Class**

**DEFENDANT**:

NELNET, INC.

By: _____
    William J. Munn

Its: _____General Counsel_____

**CLASS COUNSEL**:

| KEOGH LAW, LTD. | SCOTT OWENS, P.A. |
|---|---|
| By: _____ | By: _____ |
|   Keith J. Keogh |     Scott D. Owens |
| **As Putative Class Counsel Only and Not as a Party** | **As Putative Class Counsel Only and Not as a Party** |

**DEFENDANT'S COUNSEL**:

BROWNSTEIN HYATT FARBER SCHECK, LLP

By: _____
    Richard B. Benenson

**As to Form Only**

Exhibit A

## JAMES DAVID COOPER, JR. v. NELNET, INC.
## CLAIM FORM

### GENERAL INSTRUCTIONS AND INFORMATION

The purpose of this Claim Form is to enable **ELIGIBLE** persons to receive a payment under the Class Action Settlement Agreement ("Agreement") between James David Cooper, Jr., individually and as Class Representative on behalf of all members of the Settlement Class as described and explained in the notice accompanying this Claim Form and the Agreement, which is available at **[NOTICE AND CLAIMS ADMINISTRATOR WILL INSERT WEBSITE ADDRESS]**, on the one hand ("Plaintiff"), and Nelnet, Inc. ("Defendant").

As a possible member of the Settlement Class under the Agreement, you **MUST** complete and submit this Claim Form to the Notice and Claims Administrator by no later than **[INSERT CLAIM FILING DEADLINE]** in order for you to receive a payment under the Agreement.

The Claim Form must be mailed, by first class United States mail proper postage pre-paid, or by standard overnight delivery systems, to the Notice and Claims Administrator at the following address, and post-marked before **[INSERT CLAIM FILING DEADLINE]** ("Deadline"), **OR** the Claim Form must be submitted online at **[NOTICE AND CLAIMS ADMINISTRATOR WILL INSERT WEBSITE ADDRESS]** no later than the **[INSERT CLAIM FILING DEADLINE]**. If your Claim Form is postmarked or submitted online after midnight on the Deadline, it will be rejected, and you will not be eligible to receive any payment under the Agreement. Please **mail** your Claim Form to:

### [**NOTICE AND CLAIMS ADMINISTRATOR WILL INSERT ADDRESS**]

Please type or print your responses in ink. Again, the deadline for making a claim is **[INSERT CLAIM FILING DEADLINE]**.

All questions must be answered. The Notice and Claims Administrator may need to request additional information if your Claim Form is incomplete or otherwise insufficient to process your claim. But remember, it is your responsibility to supply the information, not that of the Notice and Claims Administrator to gather it. You must respond to any request for additional information. If you fail to respond or cooperate, your claim may not be processed, thereby forfeiting your rights. The more complete the Claim Form, the more quickly your claim can be processed. You should make every effort to provide all requested information so that a final determination of the claim can be made promptly.

Because of the way the list of people to which this Claim Form was sent was compiled, you may not be eligible. You should file a Claim Form only if you believe you are a member of the Settlement Class as defined in the Postcard Notice you received with this Claim Form and in the Agreement, which is available at **[NOTICE AND CLAIMS ADMINISTRATOR WILL INSERT WEBSITE ADDRESS]**. Only members of the Settlement Class are entitled to payment.

**REGARDLESS OF WHETHER YOU SUBMIT A CLAIM FORM, UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT, YOU AGREE TO RELEASE ANY**

**AND ALL CLAIMS YOU HAVE OR MAY HAVE AGAINST NELNET, INC. AND ITS SUBSIDIARIES, AND ALL OF THEIR AGENTS, CLIENTS, LAWYERS, OFFICERS, MANAGERS, EMPLOYEES, AFFILIATES, AND ASSIGNEES AND COVENANT NOT TO SUE THOSE PARTIES AS SET FORTH IN THE AGREEMENT AT "ARTICLE 7 RELEASES AND COVENANT NOT TO SUE."**

The information required by this Claim Form shall be evaluated by the Notice and Claims Administrator in determining your eligibility to receive a payment. You should keep a personal copy of the filled out Claim Form for your records.

In the event a check mailed to you at the mailing address you provide is returned as non-deliverable, without a forwarding address, the Notice and Claims Administrator will attempt to determine your correct address and will re-mail the check a single time if a new address is identified. If the Notice and Claims Administrator is unable to determine your correct address and, thus, cannot remail the returned check, the returned check will be cancelled, and you will not receive a payment. If, after a second mailing, a check is again returned, the Notice and Claims Administrator will cancel the check, and you will not receive a payment.

If you have questions regarding this Claim Form or recovery under the Agreement, you can call the Notice and Claims Administrator at **[NOTICE AND CLAIMS ADMINISTRATOR WILL INSERT CALL-IN NUMBER]** or visit **[NOTICE AND CLAIMS ADMINISTRATOR WILL INSERT WEBSITE ADDRESS]** or call Class Counsel at 1-866-726-1092.

## I. CLAIMANT INFORMATION


Name:_____("Claimant")
     First                       Last

Current Mailing Address:_____
                        Street Address                     Apt. Number

_____      \_ \_   \_ \_ \_ \_ \_
    City                            State     Zip Code

Telephone: (\_ \_) \_ \_ \_ - \_ \_ \_ \_          (\_ \_) \_ \_ \_ - \_ \_ \_ \_
         Daytime                       Mobile
         (\_ \_) \_ \_ \_ - \_ \_ \_ \_   Email Address: _____
         Evening

If Claimant is other than an individual, state the name and capacity of the person completing this form (Officer, Partner, etc.).

_____    _____
Name                              Capacity

## II. PHONE CALLS MADE BY DEFENDANT

Please provide the following information about the call(s) made by Defendant to your phone.

Telephone Number Called by Defendant: _____

Type of phone called by Defendant?: (Check one box) ☐ Cellular/Wireless Telephone ☐ Landline

If you got the above phone number <u>before</u> February 2010, please check here: ☐

If you got the above phone number <u>after</u> February 2010, please state the approximate month and year you got the number?

_____

## III CERTIFICATION AND SIGNATURE

The undersigned swears under penalty of perjury, pursuant to 18 U.S.C. § 1621(2), that to the best of the claimant's knowledge and belief all of the information he or she provided in the Claim Form is accurate and truthful.

DATED this _____day of _____, 201\_\_

Signature of Claimant:_____

Exhibit B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES DAVID COOPER, JR., individually
and on behalf of others similarly situated,

      Plaintiff,

                                    Case No. 6:14-cv-00314-RBD-DAB

v.

NELNET, INC.,
a Nebraska corporation,

      Defendant.

_____

**[PROPOSED] PRELIMINARY APPROVAL OF SETTLEMENT AND NOTICE ORDER**

      **WHEREAS,** Plaintiff and Defendant have reached a proposed settlement and compromise of the dispute between them and other similarly situated individuals in the Action, which is set forth in the Class Action Settlement Agreement ("Agreement") filed with the Court; and

      **WHEREAS,** Plaintiff and Defendant have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Agreement; and

      **WHEREAS,** the Court has fully considered the record of these proceedings, the Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties and the requirements of law; and

      **WHEREAS,** it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed Settlement to finally determine whether the proposed

Settlement is fair, reasonable and adequate and whether a final approval order and judgment should be entered in this Action.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.      The capitalized terms used in this Preliminary Approval of Settlement and Notice Order shall have the same meaning as defined in the Agreement except as may otherwise be ordered.

2.      The Court preliminarily approves the Agreement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the approval of the Settlement.

3.      The Agreement was entered into by experienced counsel and only after extensive arm's length negotiations involving in-person mediation on September 22, 2014, in addition to a series of conference calls before an experienced private mediator.

4.      For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, which consists of:

> All persons in the United States to whose cellular telephone Defendant placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010 to the date of this Preliminary Notice and Approval Order, where Defendant did not have express consent to call said cellular telephone number.

5.      The Court preliminary finds, for Settlement purposes only, that:

a.  The above-described Settlement Class is so numerous that joinder of all members is impracticable;

b.  There are questions of law or fact common to the Settlement Class;

c.  The claims of the Class Representative are typical of the claims of the Settlement Class;

d.  The Class Representative will fairly and adequately protect the interests of the Settlement Class;

e.  The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

f.  Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

6.  The Court finds that it has personal jurisdiction over all Settlement Class Members, including the absent Settlement Class Members.

7.  The named Plaintiff, James David Cooper, Jr., shall be the Class Representative of the Settlement Class.  This Court preliminarily finds that he will fairly and adequately represent and protect the interests of the absent Settlement Class Members.

8.  The Court approves the law firms of Law Office Of Scott D. Owens, Esq. and Keogh Law, Ltd as settlement Class Counsel.  This Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel, and will fairly and adequately represent and protect the interests of the absent Settlement Class Members.

9.  The court approves Epiq Systems to serve as the Notice and Claims Administrator in this Action.

10.  A Hearing on Final Approval shall be held before this Court at _____ on _____, 2015, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Judgment should be entered; and (b) whether the Attorneys' Fees, Litigation Expenses and Incentive Award Application

should be approved.  Papers in support of final approval of the Settlement and Attorneys' Fees,

Litigation Expenses and Incentive Award Application shall be filed with the Court according to

the schedule set forth in Paragraph 20 below.  The Hearing on Final Approval may be postponed,

adjourned, or continued by order of the Court without further notice to the Settlement Class.

After the Hearing on Final Approval, the Court may enter a Judgment in accordance with the

Settlement Agreement that will adjudicate the rights of all Settlement Class Members with

respect to the Released Claims being settled.

      11.    The Court approves, as to form and content, the Notice Procedures as set forth in

Article 10 of the Agreement, including the use of a Claim Form, Postcard Notice, Website notice

and Publication Notice (if required) substantially similar to the forms attached as Exhibits A, F,

and E to the Settlement Agreement, respectively.  Postcard Notice will be based upon reverse-

look ups using the cellular telephone numbers of potential Settlement Class Members provided

by Defendant. The Postcard Notice will be sent to Settlement Class Members by first-class U.S.

mail via postcards to any and all reasonably identifiable Settlement Class Members.  All

Postcard Notices shall be mailed within 33 business days of the date of entry of this Preliminary

Approval of Settlement and Notice Order.

      12.    The Administrative Costs shall be paid from the amount available for the payment

of Settlement Costs, as provided for in the Agreement.

      13.    The Notice Procedures, as directed in this Order and as set forth in Article 10 of

the Agreement, constitute the best notice practicable under the unique circumstances of this case

and are reasonably calculated to apprise the Settlement Class Members of the pendency of this

Action and of their right to object to the Settlement or exclude themselves from the Settlement

Class.  The Court further finds that the Notice Procedures are reasonable, that they constitute

due, adequate and sufficient notice to all persons entitled to receive such notice and that they meet the requirements of due process and of Federal Rule of Civil Procedure 23.

14.     Any Settlement Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Notice and Claims Administrator, pursuant to the instructions and requirements set forth in paragraph 11.2 of the Agreement and notice documents, a timely and valid written request for exclusion postmarked or received no later than sixty (60) days after the Notice and Claims Administrator mails the Postcard Notice.

15.     As provided in paragraph 11.2 of the Agreement, each request for exclusion must be sent to the Notice and Claims Administrator, which shall state the Settlement Class Member's name, address, cellular telephone number called by Defendant, and current telephone number if different from the number called by Defendant and specifically request exclusion from the Settlement.  A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the notice documents, or that is not postmarked within the time specified may be invalid.

16.     Any Settlement Class Member who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Hearing on Final Approval.

17.     Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement by filing a Notice of Objection. To be valid, the objection must either be filed through the Court's CM/ECF system or sent via mail to the Clerk of the Court and sent to Class Counsel, Defendant's Counsel, and the Notice and Claims

Administrator on or before the Objection Deadline.  As set forth in paragraph 12.3 of the

Agreement, the Notice of Objection must be (i) written; (ii) state the name, address and

telephone number of the objecting Non-Excluded Class Member; (iii) provide satisfactory proof

of his or her membership in the Settlement Class, including identifying the number called by

Defendant; and (iv) set forth the grounds of objection.  No Non-Excluded Class Member shall be

heard at the Hearing on Final Approval unless such person has complied with the requirements

set forth in paragraphs 12.1-12.4, and no objection or basis of objection shall be considered at the

Hearing on Final Approval, or provide a basis for alteration or modification of the Settlement,

the Agreement, the Class Counsel Legal Fees, the Litigation Expenses, Incentive Award, the

Postcard Notice, the Long Form Notice, the Publication Notice, the Notice and Claims

Procedures, the proposed Judgment, or any other term of the Settlement or Agreement, unless

such objection or basis of objection was set forth in a timely Notice of Objection filed and

delivered in accordance with the requirements and procedures of those paragraphs.

18.     For any objection filed, the Clerk Of the Court is ordered to redact any social

security number, the street address, telephone number and last name except first letter of last

name in order to protect the objector's privacy.  The objector's first name and city, state and zip

code, as well as the objection, will not be redacted.

19.     All proceedings in this Action are stayed until further order of the Court, except

as may be necessary to implement the terms of the Settlement.

20.     Further settlement proceedings in this matter shall proceed according to the

following schedule:

| EVENT | SCHEDULED DATE |
|---|---|
| Postcard Notice mailing deadline | 33 business days after entry of Preliminary Approval of Settlement and Notice Order |

| Notice Procedures deadline | All notice must be completed within 44 days after the Postcard Notice is mailed |
|---|---|
| Motion for Final Approval of Settlement | 14 days prior to Hearing on Final Approval |
| Exclusion Deadline | 60 days after the Postcard Notice is mailed |
| Objection Deadline | 60 days after the Postcard Notice is mailed |
| Last day to submit a Valid Claim Form | 75 days after the Postcard Notice is mailed |
| Parties file responses to objections, if any | 7 days prior to the Final Approval Hearing |
| Hearing on Final Approval | No sooner than 135 days and no later than 165 days after the date of this Order |

21.     In the event that a Judgment is not entered by the Court, or the Effective Date of

the Settlement does not occur, or the Agreement otherwise terminates according to its terms, this

Order and all orders entered in connection therewith shall become null and void, shall be of no

further force and effect, and shall not be used or referred to for any purposes whatsoever,

including without limitation for any evidentiary purpose (including but not limited to class

certification), in this Action or any other action.  In such event the Agreement, exhibits,

attachments and all negotiations and proceedings related thereto shall be deemed to be without

prejudice to the rights of any and all of the parties, who shall be restored to their respective

positions as of the date and time immediately preceding the execution of the Agreement.

22.     The Court may, for good cause, extend all of the deadlines set forth in this Order

without further notice to the Settlement Class.

DATED this ___ day of _____, 201__.

By _____
    Roy B. Dalton, Jr.
    U.S. District Court Judge

Exhibit C

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES DAVID COOPER, JR., individually
and on behalf of others similarly situated,

      Plaintiff,

                                    Case No. 6:14-cv-00314-RBD-DAB

v.

NELNET, INC.,
a Nebraska corporation,

      Defendant.

---

**[PROPOSED] JUDGMENT**

    **WHEREAS,** on _____, a Preliminary Approval of Settlement and Notice

Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the

terms of the Parties' Class Action Settlement Agreement ("Agreement") and directing that notice

be given to the Settlement Class (Dkt. # ____);

    **WHEREAS,** pursuant to the Preliminary Approval of Settlement and Notice Order and

the Notice Procedures set forth in Article 10 of the Agreement, the Settlement Class was notified

of the terms of the proposed Settlement, of the right of Settlement Class Members to opt-out, and

of the right of Settlement Class Members to be heard at a Hearing on Final Approval to

determine, *inter alia*: (1) whether the terms and conditions of the Agreement are fair, reasonable,

and adequate for the release of the claims contemplated by the Agreement; and (2) whether

judgment should be entered dismissing this Action with prejudice;

    **WHEREAS,** a Hearing on Final Approval  was held on _____, 201____.

Prior to the Hearing on Final Approval, a declaration of compliance with the provisions of the

Agreement and Preliminary Approval of Settlement and Notice Order relating to notice was filed

with the Court as prescribed in the Preliminary Approval of Settlement and Notice Order.

Settlement Class Members were therefore notified of their right to appear at the Hearing on Final

Approval in support of or in opposition to the proposed Settlement, the award of Class Counsel

Legal Fees and Litigation Expenses, and the payment of the Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and

Defendant's Counsel, having reviewed all of the submissions presented with respect to the

proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable,

having considered the Attorneys' Fees, Litigation Expenses and Incentive Award Application,

and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.      The capitalized terms used in this Judgment shall have the same meaning as

defined in the Agreement except as may otherwise be ordered.

2.      The Court has jurisdiction over the subject matter of this Action and over all

claims raised therein and all Parties thereto, including the Settlement Class.

3.      The Court hereby approves the Settlement, including the Notice Procedures and

plans for implementation and distribution of the settlement relief, and finds that the Settlement is,

in all respects, fair, reasonable, and adequate to the Settlement Class Members, within the

authority of the Parties and the result of extensive arm's length negotiations.  The Parties shall

effectuate the remaining terms of the Agreement.  The Agreement and every term and provision

thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force

of an Order of this Court.

4.      The Court has considered all objections to the Settlement, including the objections

of _____.  The Court finds these objections do not counsel against Settlement approval,

and they are hereby overruled.

5.      The Settlement Class, which will be bound by this Judgment, shall include all

Non-Excluded Class Members.

6.      For purposes of the Settlement and this Judgment, the Court hereby certifies the

following Settlement Class:

> All persons in the United States to whose cellular telephone Defendant placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010 to [INSERT DATE], where Defendant did not have express consent to call said cellular telephone number.

7.      The Court finds that the Notice Procedures, set forth in Article 10 of the

Agreement and effectuated pursuant to the Preliminary Approval of Settlement and Notice

Order, was the best notice practicable under the circumstances; provided due and sufficient

notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class

for settlement purposes only, the existence and terms of the Agreement, and the Hearing on Final

Approval; and satisfied the requirements of the Federal Rules of Civil Procedure, the United

States Constitution, and other applicable law.

8.      The Agreement is, in all respects, fair, reasonable, and adequate, and is in the best

interests of the Settlement Class, and is therefore, approved.

9.      All persons who have not made their objections to the Settlement in the manner

provided in the Agreement are deemed to have waived any objections by appeal, collateral

attack, or otherwise.

10.     Within the time period set forth in the Agreement, the cash distributions provided for in the Agreement shall be paid to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Agreement.

11.     Upon the Effective Date, Non-Excluded Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged Defendant and its Subsidiaries from the Released Claims as set forth in the Agreement, regardless of whether any such Non-Excluded Class Member executed and delivered a Claim Form or receives any payment pursuant to the Settlement.

12.     All Non-Excluded Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal, or jurisdiction, asserting any claims released pursuant to the Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Agreement.

13.     The Judgment, the Agreement, the Settlement which it reflects and all acts, statements, documents, or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Defendant or its Subsidiaries of any fault, wrongdoing, or liability on the part of Defendant or its Subsidiaries.

14.     No finding of fact or conclusion of law was made in the Action that Defendant engaged in any wrongful conduct of any kind whatsoever.

15.     The Court hereby grants Class Counsel's request for an award of reasonable Class Counsel Legal Fees and Litigation Expenses in the amount of $_____.  The Court further

4

grants Class Counsel's application for an Incentive Award for James David Cooper, Jr. in the amount of $_____.  These amounts are to be paid out the amount available for the payment of the Settlement Costs, in accordance with the Agreement.

     16.    The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Judgment, the Parties shall bear their own costs and attorney's fees.  Without affecting the finality of the Judgment hereby entered, the Court reserves exclusive jurisdiction over the implementation of the Settlement, including enforcement and administration of the Agreement.

     DATED this ___ day of _____, 2015.

By _____
    Roy B. Dalton, Jr.
    U.S. District Court Judge

Exhibit D

<u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION</u>
<u>AND HEARING ON FINAL APPROVAL</u>

## <u>UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA</u>

**If you received a call or text message on your cellular telephone from Nelnet, Inc. through the use of an autodialer and/or an artificial or prerecorded message, you may be entitled to compensation from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- There is a proposed Settlement of a class action claiming that Nelnet, Inc. ("Nelnet") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. by using an automatic telephone dialing system and/or an artificial or prerecorded voice to place non-emergency phone calls and text messages to cell phones ("Automatic Calls") in connection with servicing education loan accounts, and that these Automatic Calls were made without the prior express consent of Settlement Class Members. Nelnet has denied and continues to deny these claims, but has agreed to settle the case. By entering into the Settlement, Nelnet has not conceded the truth or validity of any of the claims against it.

- If approved by the Court, the Settlement would entitle Settlement Class Members to monetary compensation. Additionally, if approved, the amount available to pay settlement costs would also be used to pay Plaintiff's attorneys' fees and costs, a service award for the Class Representative, and the administration costs of the Settlement.

- Settlement Class Members include the following persons:

  All persons in the United States to whose cellular telephone Nelnet placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010 to [INSERT DATE], where Nelnet did not have express consent to call said cellular telephone number.

- *Your legal rights are affected whether you act or don't act.* **PLEASE READ THIS NOTICE CAREFULLY**. <u>**IT WILL AFFECT YOUR RIGHTS!**</u>

**A Summary of Your Legal Rights and Options in this Settlement:**

| Option | Description | Due Date |
|---|---|---|
| **Submit a Claim** | Submitting a valid claim form is the only way to get a payment from the Settlement. You can submit a claim form online at [INSERT WEBSITE URL], or by mail to [INSERT ADDRESS]. If you fail to submit a claim form, you will not receive a Settlement payment. By submitting a claim, you give up your right to sue Nelnet separately, and you are bound by the Court's orders. See Question 8. | The claim form must be received by the Notice and Claims Administrator with a post-marked date no later than [INSERT DATE], or submitted online no later than [INSERT DATE]. |
| **Exclude Yourself OR "Opt Out" of the Settlement** | You can get out of the Settlement by asking to be excluded, also known as "opting out." By doing so, you give up your right to receive compensation under the Settlement. But you keep your right to sue Nelnet separately. See Questions 11-13. | Postmarked by [INSERT DATE] |
| **Object** | You stay in the Settlement, but write to the Court about why you believe the Settlement is unfair. See Question 16. | Postmarked by [INSERT DATE] |
| **Go to a Hearing** | Provided you make a written objection by the date above, you may ask to speak in Court about the fairness of the Settlement. See Questions 18-20. | [INSERT DATE] |
| **Do Nothing** | You will not receive a payment. And you will give up your right to sue Nelnet separately for the legal claims in this case. You also will be bound by the Court's orders. See Question 21. | |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get directed to this website?

You were sent a postcard notice directing you to this Website because Nelnet's records show that you may be a Settlement Class Member. Even if you did not receive a postcard notice, you may still be a Settlement Class Member.

You are a Class Member if Nelnet placed a non-emergency telephone call or text message to your cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010 to [INSERT DATE], where Nelnet did not have express consent to call said cellular telephone number. Although Nelnet denies all allegations made in the lawsuit, it is entering into this Settlement to avoid the costs associated with continuing the lawsuit.

You have the right to know about the proposed Settlement of the class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after any possible objections and appeals are resolved, the Court will allow the compensation to be distributed. You should understand that the process of Court approval may take a good deal of time.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. In particular, Settlement Class Members may receive monetary compensation from Nelnet.

The Court in charge of this case is the United States District Court for the Middle District of Florida, the Honorable Roy B. Dalton, Jr. presiding. The case is called *James David Cooper, Jr. v. Nelnet, Inc.*, Case No. 6:14-cv-00314. The person who filed the lawsuit is James David Cooper, Jr. He is called the "Plaintiff" or "Class Representative." The company being sued is Nelnet, Inc. It is called the "Defendant." The Court has granted preliminary approval of the Settlement and ordered this Notice be provided to explain it.

### 2. What is this lawsuit about?

The lawsuit was filed by Plaintiff, on behalf of himself and the Settlement Class, alleging that Defendant violated the TCPA by placing non-emergency calls or text messages on or after February 21, 2010, to certain persons' cellular phones using an automatic telephone dialing system or an artificial or prerecorded voice without first obtaining the consent required by the TCPA. The lawsuit seeks money and other relief from Defendant. Defendant denies these allegations; however, in order to avoid the expense, inconvenience, and distraction of continued litigation, Defendant has agreed to the settlement described herein.

The Court has not ruled either on the merits of Plaintiff's claims, or on the defenses asserted by Defendant. This Notice does not imply that there has been or that there would be any finding that Defendant is liable for any reason or to any extent, or that any money could be recovered if the litigation were not settled.

**3.     Why is this a class action?**

In a class action, one or more people called the class representatives (in this case, James David Cooper, Jr.), sue on behalf of all people who allegedly have similar claims. All of these people are called class members. A class action resolves the issues for all class members, except for those who exclude themselves from the class.

**4.     Why is there a Settlement?**

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and the people affected will receive compensation.

The Class Representative and his attorneys think the Settlement is best for all Class Members and the Parties. So does Defendant.

**5.     How do I know if I am part of the Settlement?**

The Settlement provides relief for all Settlement Class Members. You are a Settlement Class Member if you are:

A person in the United States to whose cellular telephone Nelnet placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010 to [INSERT DATE], where Nelnet did not have express consent to call said cellular telephone number

If you are still not sure whether you are included, you can call **[**INSERT 1-800-NUMBER**]**, or visit [INSERT WEBSITE URL].

<div align="center">THE SETTLEMENT BENEFITS – WHAT YOU GET</div>

**6.     What does the Settlement provide?**

Under the Settlement, Settlement Class Members (as defined above) are entitled to receive monetary compensation. But you cannot receive a payment unless you submit a claim form. Defendant has agreed to make available up to $4,500,000 for the payment of settlement costs. Settlement costs include payments to Settlement Class Members, the costs of administering the Settlement, the incentive award paid to the Class Representative, and the amounts of Class

Counsel legal fees and expenses. In addition to the monetary relief provided, Defendant has represented that it and its Subsidiaries have enhanced personnel training regarding TCPA issues and will continue to engage in personnel training relating to the TCPA. Additionally, Defendant and Subsidiaries have developed several enhancements to their education loan servicing systems designed to prevent TCPA violations.

**7.    How much will my payment be?**

Defendant has agreed to pay a maximum of $150 to each Settlement Class Member who submits a valid claim form. The amount, however, could be less depending on the number of claims submitted. Your payment amount will be the same regardless of whether the basis of your claim is a call or text and regardless of the number of calls or texts you received.

<p align="center">How You Receive Monetary Compensation</p>

**8.    How can I receive monetary compensation?**

To receive payment, a you must submit a timely claim form to the Notice and Claims Administrator. Your are entitled to make only one claim, regardless of the number of telephone calls or text messages that Defendant placed to your cellular telephone number(s).

The claim form must be mailed by first class United States mail, proper postage pre-paid, or by standard overnight delivery systems, and properly addressed to the Notice and Claims Administrator at the address below, and post-marked with a date no later than [INSERT DATE],

Claims forms must be addressed to:

<p align="center">[INSERT NOTICE AND CLAIMS ADMIN.'S ADDRESS]</p>

<p align="center">**<u>OR</u>**</p>

The claim form must be submitted online at [INSERT WEBSITE URL] no later than [INSERT DATE AND TIME]. Any claim form postmarked or submitted online after [INSERT DATE AND TIME] shall be deemed untimely and invalid.

If you submit an incomplete or improperly filled out claim form, the Notice and Claims Administrator will attempt to contact you to request that you resubmit the claim form. Your resubmitted claim form will be considered timely if it is received before the Claim Filing Deadline.

If you fail to submit a timely and valid claim form, you will not receive any payment under the Settlement, but you will be subject to and bound by the provisions of the Settlement, the Agreement, and the Judgment

## 9.     When would I receive my monetary compensation?

The Court will hold a hearing on **[insert date]** to decide whether to grant final approval to the Settlement. If Judge Dalton approves the Settlement, there may be appeals. It is always uncertain whether and when those appeals will be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

If and when the Settlement becomes final, checks will be mailed to Settlement Class Members who timely submitted a valid claim form within approximately 35 days.

## 10.    What am I giving up to stay in the Settlement Class and get monetary compensation?

If you do not exclude yourself and stay in the Settlement Class, that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendant or its agents, lawyers, clients, officers, managers, employees, and affiliated entities owned or controlled by Defendant about the factual and legal issues in *this* case. In addition, all of the Court's orders will apply to you and legally bind you. It also means that that you release all claims that you may have related to any Automatic Calls Defendant or its agents, clients, officers, managers, employees, and affiliated entities owned or controlled by Defendant may have placed to your cell phone on or after February 21, 2010, whether or not you are currently aware of any such claims that might exist now or arise in the future.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want monetary compensation from this Settlement and you want to keep the right to sue or continue to sue Defendant on your own, or be part of any other lawsuit against Defendant, then you must take steps to preserve these rights. This is called "excluding yourself," and is sometimes referred to as "opting out" of the Settlement and the Settlement Class.

## 11.    How do I exclude myself from the Settlement?

To exclude yourself from the Settlement and the Settlement Class, you must send a letter by first class United States mail, postage prepaid, or standard overnight delivery systems, saying that you want to be excluded from the Settlement Class and the Settlement in this case. Be sure to include your name, address, the cellular telephone number called by Defendant, your current number if

different from the number called by Defendant, and signature. You must mail your exclusion request to the Notice and Claims Administrator, postmarked no later than [INSERT DATE].

<div align="center">[INSERT NOTICE AND<br>CLAIMS ADMIN.'S ADDRESS]</div>

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not receive monetary compensation and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You will not be allowed to object to the Settlement. You will be able to sue (or continue to sue) Defendant if you want to.

**12.    If I do not exclude myself, can I sue Defendant for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue, continue to sue, or be part of any other lawsuit against Defendant for the claims that this Settlement involves. If you have a pending lawsuit against Defendant, speak to your lawyer in that lawsuit immediately since continuation of that lawsuit would violate the Settlement. You must exclude yourself from this class action to continue your own lawsuit. Remember, the exclusion deadline is [INSERT DATE].

**13.    If I exclude myself, can I get monetary compensation under the Settlement?**

No. If you exclude yourself, do not send in a Claim Form. But you may sue, continue to sue, or be a part of a different lawsuit against Defendant.

<div align="center">THE LAWYERS AND INDIVIDUALS REPRESENTING YOU</div>

**14.    Do I have a lawyer in this case?**

Yes. The Court appointed lawyers to represent the Settlement Class Members. The lawyers are called "Class Counsel." You will not be charged for these lawyers. Class Counsel is the law firms of Keogh Law, Ltd., Keith J. Keogh, 55 W. Monroe St., Suite 3390, Chicago, Illinois 60603, and Scott Owens, P.A., Scott D. Owens, 3800 S. Ocean Drive, Suite 235, Hollywood, FL 33019. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.    How will Class Counsel and the Class Representative be paid?**

<div align="center">QUESTIONS?  VISIT **[INSERT WEBSITE URL]** OR CALL **[INSERT 1-800-NUMBER]**</div>

Class Counsel will ask the Court for attorneys' fees and expenses of up to $1,500,000, which is one third of the amount available for the payment of settlement costs.

Class Counsel will also ask the Court to approve payment to the Class Representative of up to $25,000 for services he rendered in prosecuting this lawsuit.

## OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court I do not like the Settlement?

If you are a Settlement Class Member and do not exclude yourself from the Settlement Class and the Settlement, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a letter saying that you object to the settlement reached in *James David Cooper, Jr. v. Nelnet, Inc.*, Case No. 6:14-cv-00314-RBD-DAB. Be sure to include your name, address, the cellular telephone number called by Defendant, your current number if different from the number called by Defendant, your signature, and the reasons why you object to this Settlement, along with the case number. Mail the objection by first class United States mail, postage prepaid, or standard overnight delivery systems, to these four different places postmarked no later than [INSERT DATE]:

| COURT: | CLASS COUNSEL: | DEFENSE COUNSEL: | NOTICE AND CLAIMS ADMINISTRATOR: |
|---|---|---|---|
| Clerk of the Court George C. Young U.S. Courthouse & Federal Building 401 W. Central Blvd. Orlando, Florida 32801 | Keith J. Keogh Keogh Law, Ltd. 55 W. Monroe St., Suite 3390 Chicago, Illinois 60603 | Richard B. Benenson Brownstein Hyatt Farber Schreck, LLP 410 17th Street Suite 2200 Denver, Colorado 80202 | [INSERT ADDRESS] |

### 17. What is the difference between objecting and excluding myself?

Objecting is simply telling the Court that you want to stay in the Settlement Class, but that you do not like something about the Settlement, and would like the Court to change it. You can object only if you stay in the Settlement Class, and you will still be bound by the Settlement even if the Court rejects your objection. Excluding yourself is telling the Court that you do not want to be a part of the Settlement or the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to do so.

## 18.   When and where will the Court decide whether to approve the Settlement?

On [INSERT DATE], the United States District Court for the Middle District of Florida will hold a fairness hearing in Courtroom 4A at the George C. Young U.S. Courthouse & Federal Building, 401 West Central Boulevard Orlando, Florida 32801, to determine whether the proposed Settlement Class should be certified and whether the proposed Settlement is fair, adequate, reasonable, and should be approved. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. This hearing may be continued or rescheduled by the Court without further notice. We do not know how long it will take the Court to give its decision.

## 19.   Do I have to come to the hearing?

No. Class Counsel will answer any questions Judge Dalton may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not required.

## 20.   May I speak at the hearing?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *James David Cooper, Jr. v. Nelnet, Inc.*, Case No. 6:14-cv-00314-RBD-DAB." Be sure to include your name, address, telephone number, your signature, and the case number. Your Notice of Intention to Appear must be mailed by United States mail, postage prepaid, or standard overnight delivery systems, and postmarked no later than [INSERT DATE], and be sent to the Clerk of the Court, Class Counsel, Defense Counsel, and the Notice and Claims Administrator at the addresses listed above. You cannot speak at this hearing if you exclude yourself.

## IF YOU DO NOTHING

## 21.   What happens if I do nothing at all?

As a Settlement Class Member, you need to submit a claim form to be eligible for monetary compensation under the Settlement. If you do not cash the settlement check sent to you, you will still be a Class Member and bound by the Settlement. If you do nothing, you will not be eligible for a payment, but you will

still be a Settlement Class Member and bound by the Settlement, including your release of Defendant from liability. If you do nothing, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant concerning the legal issues in this case ever again.

<div align="center">GETTING MORE INFORMATION</div>

**22.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in a Class Action Settlement Agreement. You can get a copy of that agreement by visiting [INSERT WEBSITE URL]. You may also call [INSERT 1-800 NUMBER] to obtain answers to questions about the Settlement, the claim form, and other information to help you determine whether you are a Settlement Class Member and whether you are eligible to receive monetary compensation from Defendant.

**PLEASE DO NOT CONTACT DEFENDANT OR ITS COUNSEL ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES OF DEFENDANT ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# Exhibit E

## NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

**What is this?**

This is notice of a Proposed Settlement in a class action lawsuit.

**What is this lawsuit about?**

The Settlement would resolve a lawsuit brought on behalf of individuals, alleging that, on or after February 21, 2010, Nelnet, Inc. ("Nelnet") used an automatic telephone dialing system and/or an artificial or prerecorded voice to place non-emergency phone calls and text messages to cell phones in connection with servicing education loan accounts, and that these calls were made without the prior express consent of the persons called. Nelnet denies these allegations but has agreed to this Settlement to avoid the costs associated with continuing the lawsuit.

**What benefits do I get from the Settlement?**

If you received such a call or text from Nelnet, you may be entitled to receive monetary compensation of up to $150.

**How can I receive a payment from the lawsuit?**

To receive a payment, you must complete and submit a valid claim form by [INSERT DATE]. You can obtain and submit a claim form online at [INSERT WEBSITE]. You can also obtain a mail-in claim form by calling [INSERT HOTLINE]. Mail-in claim forms must be sent to the Settlement Administrator at the address below.

**Do I have to be included in the Settlement?**

No. If you don't want monetary compensation from this Settlement and you want to keep the right to sue or continue to sue Nelnet on your own, then you must exclude yourself from the Settlement by

sending a letter requesting exclusion to the Settlement Administrator by [INSERT DATE] at the address below.

**If I don't like something about the Settlement, how do I tell the Court?**

If you don't exclude yourself from the Settlement, you can object to the Settlement if you don't like any part of it. You must file your written objection with the Court by [INSERT DATE].

**What if I do nothing?**

If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class Member and bound by the Settlement, and you will release Nelnet from liability.

**What else does the Settlement provide?**

Plaintiff will petition for a class representative fee not to exceed $25,000 for his work in representing the Settlement Class and class counsel's fees not to exceed 1/3 of the amount available for payment of Settlement Costs ($1,500,000).

**How do I get more information about the Settlement?**

This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your objection rights and the final approval hearing visit [INSERT WEBSITE ADDRESS]. You can also obtain additional information by calling [INSERT NUMBER].

# Exhibit F

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION OF <u>UP TO $150</u>.

| What is this? | This is notice of a Proposed Settlement in a class action lawsuit. |
|---|---|
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of individuals, alleging that, on or after February 21, 2010, Nelnet, Inc. ("Nelnet") used an **automatic telephone dialing system and/or an artificial or prerecorded voice** to place non-emergency phone calls and text messages to **cell phones** in connection with servicing education loan accounts, and that these calls were made **without the prior express consent** of the persons called. Nelnet denies these allegations but has agreed to this Settlement to avoid the costs associated with continuing the lawsuit. |
| **Why am I getting this notice?** | You were identified as someone who may have received one of these calls or text messages based on Nelnet's records. |
| **What benefits do I get from the Settlement?** | If you received such a call or text from Nelnet, you may be entitled to receive monetary compensation of up to $150. |
| **How can I receive a payment from the Settlement?** | To receive a payment, you must complete and submit a valid claim form by [INSERT DATE]. You can obtain and submit a claim form online at [INSERT WEBSITE]. You can also obtain a mail-in claim form by calling [INSERT HOTLINE]. Mail-in claim forms must be sent to the Settlement Administrator at the address below. |
| **Do I have to be included in** | No. If you don't want monetary compensation from this Settlement |

| the Settlement? | and you want to keep the right to sue or continue to sue Nelnet on your own, then you must exclude yourself from the Settlement by sending a letter requesting exclusion to the Settlement Administrator by **[**INSERT DATE] at the address below. |
|---|---|
| **If I don't like something about the Settlement, how do I tell the Court?** | If you don't exclude yourself from the Settlement, you can object to the Settlement if you don't like any part of it. You must file your written objection with the Court by [INSERT DATE]. |
| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class Member and bound by the Settlement, and you will release Nelnet from liability. |
| **What else does the Settlement provide?** | Plaintiff will petition for a class representative fee not to exceed $25,000 for his work in representing the Settlement Class and class counsel's fees not to exceed 1/3 of the amount available for payment of Settlement Costs ($1,500,000). |
| **How do I get more information about the Settlement?** | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your objection rights and the final approval hearing visit [INSERT WEBSITE ADDRESS]. You can also obtain additional information by calling [INSERT NUMBER]. |

NELNET TCPA SETTLEMENT
SETTLEMENT ADMINISTRATOR
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]

[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

Exhibit G

## RELEASE AND COVENANT NOT TO SUE

You are receiving this check as a result of the Settlement reached in the class action lawsuit *James David Cooper, Jr. v. Nelnet, Inc.*, Case No. 6:14-cv-00314-RBD-DAB ("Lawsuit"). This notice is intended to serve as a reminder that you are a Non-Excluded Class Member of the Lawsuit, and as a Non-Excluded Class Member, you are bound by the terms of the Class Action Settlement Agreement, including the following release and covenant not to sue:

**Release**:  You, on behalf of yourself and your spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through you or who assert claims on your behalf (including the government in its capacity of parens patriae) shall be deemed to have released and forever discharged Defendant and Subsidiaries, their agents, clients, lawyers, officers, managers, employees, affiliates, insurers and their reinsurers, and assignees from: (A) all claims alleged in the Complaint; (B) all claims, including Unknown Claims, arising, in whole or in part, whether fully or only partially accrued, out of any transaction, fact, matter, thing, event or occurrence alleged in the Complaint; and (C) all claims, including Unknown Claims, regardless of on what legal theory based, for actual damages, statutory damages, punitive damages, civil fines, restitution, unjust enrichment, disgorgement, or other monetary relief of any and every kind (including, without limitation, claims based on breach of contract or any other contractual theory, tort, fraud, misrepresentation, unjust enrichment, violation of the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, or the consumer protection, fair debt collection practices, and unfair and deceptive acts and practices statutes of any state of the United States, or of any other federal, state, or local law, ordinance, statute, or regulation) arising, in whole or in part, whether fully or only partially accrued, out of any telephone calls or text messages placed to cellular telephones, directly or indirectly, by Defendant or Subsidiaries on or before the date of this Agreement. The release will not extend to claims or defenses relating to any underlying loans. The claims released in this paragraph are referred to in the Settlement Agreement and Court Judgment as "Released Claims."

As used above, "Unknown Claims" means any claims, causes of action or liabilities released by any Releasing Party that the Releasing Party does not know or suspect to exist in his, her or its favor, now or as of the Effective Date, including, but not limited to, statutory, common law, equitable or other claims, which, if known by him, her or it, might have affected his, her or its willingness to enter into this Agreement or accept this Settlement, and/or might have affected his, her or its decision not to request Exclusion from the Settlement and Settlement Class or not to object to the Settlement, the Agreement, or the awards of Class Counsel Legal Fees, Litigation Expenses or Incentive Award. Included within the definition of Unknown Claims are claims that are based on facts that were unknown, unknowable, unsuspected, undisclosed or affirmatively concealed or hidden as of the date hereof or the Effective Date, and/or that were disclosed, discovered, uncovered or revealed subsequent to the date hereof or the Effective Date and are contradictory to, different from or additional to the facts known to the Releasing Party or believed by him, her or it to be true as of the date hereof or as of the Effective Date.

**Covenant Not to Sue:**  Without any further action, you shall be deemed to covenant not to institute, cause to be instituted, solicit the institution of, participate in the institution of or assist with the prosecution of any action, including, but not limited to, private or governmental actions, against Defendant or any Subsidiary in which liability is sought in any way to be predicated upon any Released Claim. Defendant or any Subsidiary may assert this Covenant Not to Sue by way of defense, counterclaim, cross claim, or set off. Upon learning of such an action, Defendant shall notify you or your counsel that you are in violation of the Covenant Not to Sue, and shall demand that you immediately cease your involvement in the action and take any and all affirmative steps available to you to cause the dismissal of the action. If you continue your involvement in the action after receiving such notice from Defendant or do not seek the dismissal of the action, you agree to pay all costs of defense, including reasonable attorneys' fees, incurred by Defendant or any Subsidiary in defending any action brought by you, you caused to be brought, you solicited the

EXHIBIT G TO CLASS ACTION SETTLEMENT AGREEMENT
NOTICE OF RELEASE AND COVENANT NOT TO SUE

institution of, you participated in the institution of, or you assisted in the prosecution of, in violation of this Covenant Not to Sue. Alternatively, if you cease your involvement in the action upon receiving the above notice from Defendant and seek dismissal of the action, you shall not be liable to pay the costs of defense.

**IF YOU HAVE ANY QUESTIONS, CALL CLASS COUNSEL AT 1-866-726-1092 OR EMAIL CLASS COUNSEL AT TCPASETTLEMENT@KEOGHLAW.COM, OR CALL THE NOTICE AND CLAIMS ADMINISTRATOR AT [CALL-IN LINE TO BE INSERTED BY THE NOTICE AND CLAIMS ADMINISTRATOR].**