IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
CASE NO. 6:14-CV-314-RBD-DAB

JAMES DAVID COOPER, JR., on behalf of
himself and others similarly situated,
Plaintiff,

vs.

NELNET, INC., A Nebraska Corporation.

**SUPPLEMENTAL MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND NOTICE ORDER**

Pursuant to this Court's January 22, 2015 Order [Dkt. 70], the parties submit this supplemental briefing.

**1. Notice to Class Members**

The proposed Agreement includes Notice Procedures, as set forth in Article 10 of the Agreement, designed to reach directly each class member as is practicable. *See* Doc 67-1 p. 374-376. Nelnet anticipates the Settlement Class Members List will contain 100,000 to 120,000 unique cellphone numbers.[1] Because the Settlement Class Members List consists of telephone numbers only, the parties will not know the exact number until the reverse look up process if performed.[2] The Settlement Agreement sets forth the three-tiered reverse look-up methodology.

Through that methodology, the Notice and Claims Administrator anticipates that it will generate current mailing address information for 76% of the telephone numbers included in the Settlement Class Members List, with direct notice being sent to those addresses identified. *See* Declaration of Julie Redell from Epiq Systems attached hereto as *Exhibit 1* (asserting that direct notice will be sent to 76% of the class members after reverse look up). Assuming a Settlement

---

[1] Because the Class Period runs through the date of preliminary approval, Nelnet has not finalized the Settlement Class Members List.
[2] Specifically, the Notice and Claims Administrator will perform tiered reverse look-up searches utilizing multiple vendors in order to achieve the best results.

Class Members List with 100,000 unique cellphone numbers, direct notice would be sent to 76,000 persons.

If the reverse look up fails to identify at least 70% of the Settlement Class Members, the Notice and Claims Administrator shall cause Publication Notice to be published electronically on the internet or social media sites, to the extent necessary to notify at least 70% of Settlement Class Members.[3] But, as stated above, it is anticipated that at least 76% of the individuals with cellphone numbers on the Settlement Class Members List shall receive direct notice via mail.

2. **Claim Rate**

The average claim rate in a TCPA class settlement is around 5%. *See Exhibit 1* and Declaration of Keith J. Keogh attached hereto as *Exhibit 2*. Again, assuming a Settlement Class Members List of 100,000 numbers, it is expected that 5,000 persons will submit claims.

It is important to note that Defendant has contended that the actual class is smaller than the total of cellphone numbers included in the Settlement Class Members List because the list is over inclusive in that it may contain numbers where the person provided consent to be called. As a result, it is possible that less than 5% of the persons whose numbers appear on the Settlement Class Members List will submit a claim.

3. **Anticipated Down Side Limit to a Pro Rata Share of the Class**

The parties do not anticipate any down side limit to the pro rata share for class members. Instead, based on the anticipated claim rate of 5%, it is expected that everyone who submits a valid claim will receive $150. In fact, based on a remaining balance of $2,850,793 after subtracting fees, costs, and the incentive award from the $4,500,000 available for settlement costs and assuming the Settlement Class Members List contains 100,000 numbers, the claim rate

---
[3] In addition, the Notice and Claims Administrator will erect, maintain, and monitor a settlement Website that will serve as a supplement for the other Notice Procedures and will provide links to the Settlement documents and provide for online submissions. There shall also be a toll-free number for class members to call.

would need to exceed 19% before there was any pro rata downside. While the claim submission process is straightforward and includes online submission and the Notice Procedures are robust, it is unlikely that the claim rate would exceed 19%. *See Exhibit 2* Declaration of Keith J. Keogh.

From Plaintiff's perspective, this assumption is reasonable considering Defendant's data and representations regarding over inclusiveness of the Settlement Class Members List. Plaintiff further believes that the likely outcome is that participating class members will receive $150, which Plaintiff believes is reasonable compensation and relief. In fact, the expected recovery of $150 per claimant exceeds other recent TCPA settlements.

| CASE | AVG. RECOVERY PER CLASS MEMBER |
|---|---|
| Capital One[4] | $39.66 (actual) |
| HSBC[5] | $20-$40 (est) |
| Chase Bank[6] | $20-$40 (est) |
| Bank of America[7] | $22-$45 (est) |
| Sallie Mae[8] | $110 (actual) |
| Wells Fargo[9] | $84.82 (actual) |
| Discover[10] | $46.98 (actual) |
| Wojcik v Buffalo Bills[11] | $57.5-$75 debit cards for BBI merchandise |

It is important to note that the settlement was reached after a full day mediation with Rodney Max, and while various petitions were pending before the FCC, including a petition to absolve companies of liability for calling "reassigned numbers' like Plaintiff's and some class members'. Further, some TCPA actions have been stayed by district courts pending review of the FCC petitions. *See, e.g., Heinrichs v. Wells Fargo*, N.A., 13-cv-5434, Dkt. No. 56. (N.D. Cal.

---

[4] *In re Capital One TCPA Litigation*, 12-cv-10064 (MDL No. 2416) (N.D. Ill. February 12, 2015, Doc.#329)
[5] *Wilkins v. HSBC* 14-cv-190 (N.D. Ill, 2014 pending)
[6] *Connor v. JPMorgan Chase*, et al, 10-cv-1284 (S.D. Cal.)
[7] *Rose v. Bank of America*, 2014 U.S. Dist Lexis 121641 at * ((N.D. Cal. Aug.29, 2014);11-cv-02390 (N.D. Cal. Dkt. 59)
[8] *Arthur v. Sallie Mae,* 10-cv-00198 (W.D. Wa. 2012)
[9] *Malta v FHLMA, et al*, 10-cv-01290 (S.D. Cal.)
[10] *Steinfeld v. Discover Fin. Svcs*. 12-cv-01118 (N.D. Cal.)
[11] *Wojcik v Buffalo Bills*, Case No. 8:12-CV-2414-SDM-TBM, Doc. 79 (M.D. Fla. August 25, 2014) (Granting Final Approval)

Apr. 15, 2014) (staying case pending ruling on FCC petitions). In fact, Defendant was one of a group of similar companies that met with the FCC to persuade the FCC to grant the petitions seeking to limit liability under the TCPA. A copy of Nelnet's letter to the FCC, which confirms the meeting, is attached here to as *Exhibit 3*. These petitions are still pending, and it is not known how the FCC will rule. While Plaintiff is hopeful the FCC will deny these petitions, there is a risk that they will be granted and that risk was a contributing factor to the structure of the Settlement Agreement.[12]

### 4) Estimate of Administrative Costs

The parties obtained class administration estimates from several nationally-recognized class administrators. Each administrator was given the same set of data to use in creating an estimate and was provided opportunities to make its bid more competitive based on the other bids submitted. After the bidding was complete, the parties agreed on Epiq Systems.

Epiq Systems has worked on some of the largest settlements to date, including the Deepwater Horizon Oil Spill, *In re: Payment Card Interchange, In re: Apple Inc. Securities Litigation, In re: Countrywide Financial Corp. Customer Data Security Breach Litigation*, Fair Fund matters on behalf of the SEC, and consumer redress matters on behalf of the FTC. *See Exhibit 1*.

Epiq has estimated $124,207 for notice and administration costs. *Id.*

### 5) Anticipated Amount Available to Pay Settlement Class Members After Fees, Costs, and Administrative Expenses

Under the Agreement, Nelnet has agreed to pay up to four million five hundred thousand dollars ($4,500,000.00). After deducting $124,207 for the Administrative Costs, $25,000 for the requested Incentive Award, and up to $1,500,000 for the requested Litigation Expenses and

---

[12] One of Plaintiff's counsels has met with the FCC staff in person on several occasions along with various consumer groups opposing these petitions. *See Exhibit 2*.

Class Counsel Legal Fees, there will be a balance of $2,850,793. The remaining balance will likely be sufficient to pay the class members who submit a claim $150 each, while at the same time balancing Defendant's contention that the Settlement Class Members List is over inclusive. Once again, based on the remaining balance of $2,850,793 and assuming the Settlement Class Members List contains 100,000 numbers, at least 19% of the class would have to submit a valid claim before any pro rata downside would occur.

### 6) Nelnet's Net Worth

According to Nelnet's 2014 third quarter 10Q, Nelnet shareholder equity is stated at $1.6 billion.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court (1) certify the requested settlement class, (2) appoint Cooper as class representative, (3) appoint class counsel as set forth in the Settlement Agreement, (4) preliminarily approve the proposed settlement, (5) approve the Notice Procedures, and (6) award such other and further relief as is equitable and just.

Dated this 20th day of February 2015.

Respectfully Submitted,

/s/ Scott D. Owens

Attorneys for the Plaintiff

SCOTT D. OWENS, Esq.
3800 S. Ocean Dr., Suite 235
Hollywood, Florida 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com

Attorneys for the Defendant

| | |
|---|---|
| BROWNSTEIN HYATT FARBER SCHECK LLP<br>410 Seventeenth Street<br>Suite 2200<br>Denver, Colorado 80202<br>Tel: (303) 223-1100<br>Fax: (303) 223-1111<br>RBenenson@bhfs.com | CARLTON FIELDS JORDEN BURT, P.A.<br>450 S. Orange Avenue<br>Orlando, Florida 32801-3370<br>Tel: (407) 244-8237<br>Fax: (212) 648-9099<br>djohnson@cfjblaw.com |

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that February 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this February 20, 2015, in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                /s/ Scott D. Owens