**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES DAVID COOPER, JR.,

        Plaintiff,

v.                                    Case No. 6:14-cv-314-Orl-37DAB

NELNET, INC.,

        Defendant.

**PRELIMINARY APPROVAL ORDER**

This cause is before the Court on the parties' Joint Motion for Preliminary Approval of Settlement and Notice Order (Doc. 67), filed December 3, 2014. In light of the parties' agreement and the record to date,[1] it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion for Preliminary Approval of Settlement and Notice Order (Doc. 67) is **GRANTED**.

2. The Court preliminarily approves the Agreement (Doc. 67-1) as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to

---

[1] Upon initial review of the parties' Joint Motion for Preliminary Approval of Settlement and Notice Order (Doc. 67), the Court was unable to determine if the terms of the proposed settlement were fair, reasonable, or adequate. (Doc. 70.) Accordingly, it ordered the parties to submit additional briefing and materials in support of their proposed settlement. (*See id.*) The parties' Supplemental Memorandum for Preliminary Approval of Settlement and Notice Order (Doc. 71) sufficiently addressed the Court's concerns.

persons in the Settlement Class for their consideration and a hearing on the approval of the Settlement.

3. Solely for purposes of settlement, the following Settlement Class is provisionally certified pursuant to Fed. R. Civ. P. 23(b)(2):

   a. All persons in the United States to whose cellular telephone Defendant placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010 to the date of this Preliminary Notice and Approval Order, where Defendant did not have express consent to call said cellular telephone number.

4. Based on the parties' stipulations, and for settlement purposes only:

   a. The above-described Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class;

   c. The claims of the Class Representative are typical of the claims of the Settlement Class;

   d. The Class Representative will fairly and adequately protect the interests of the Settlement Class;

   e. The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

   f. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court finds that it has personal jurisdiction over all Settlement Class Members, including the absent Settlement Class Members.

6. The named Plaintiff, James David Cooper, Jr., shall be the Class Representative of the Settlement Class. The Court preliminarily finds that he will fairly and adequately represent and protect the interests of the absent Settlement Class Members.

7. The Court approves the law firms of Law Office of Scott D. Owens, Esq. and Keogh Law, Ltd. as settlement Class Counsel. The Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel, and will fairly and adequately represent and protect the interests of the absent Settlement Class Members.

8. The Court approves Epiq Systems to serve as the Notice and Claims Administrator in this Action.

9. A Hearing on Final Approval shall be held before the undersigned on **Monday, July 13, 2015**, at **1:30 p.m.**, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate and whether the Judgment should be entered; and (b) whether the Attorney's Fees, Litigation Expenses and Incentive Award Application should be approved. Papers in support of final approval of the Settlement and Attorney's Fees, Litigation Expenses and Incentive Award Application shall be filed with the Court fourteen (14) days prior to the Hearing on Final Approval. The Hearing on Final Approval may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement

        Class. After the Hearing on Final Approval, the Court may enter a Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members with respect to the Released Claims being settled.

10. The Court approves, as to form and content, the Notice Procedures as set forth in Article 10 of the Agreement, including the use of a Claim Form, Postcard Notice, Website Notice, and Publication Notice (if required) substantially similar to the forms attached as Exhibits A, F, and E to the Settlement Agreement, respectively. Postcard Notice will be based upon reverse-look ups using the cellular telephone numbers of potential Settlement Class Members provided by Defendant. The Postcard Notice will be sent to Settlement Class Members by first-class U.S. mail via postcards to any and all reasonably identifiable Settlement Class Members. All Postcard Notices shall be mailed within thirty-three (33) business days of the date of entry of this Preliminary Approval of Settlement and Notice Order. All notice must be completed within forty-four (44) days after the Postcard Notice is mailed.

11. Settlement Class Members will have until seventy-five (75) days after the Postcard Notice is mailed to submit a Valid Claim Form.

12. The Administrative Costs shall be paid from the amount available for the payment of Settlement Costs, as provided for in the Agreement.

13. The Notice Procedures, as directed in this Order and as set forth in Article 10 of the Agreement, constitute the best notice practicable under the

       unique circumstances of this case and are reasonably calculated to apprise the Settlement Class Members of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice Procedures are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to receive such notice, and that they meet the requirements of due process and of Federal Rule of Civil Procedure 23.

14. Any Settlement Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Notice and Claims Administrator, pursuant to the instructions and requirements set forth in paragraph 11.2 of the Agreement and notice documents, a timely and valid written request for exclusion postmarked or received no later than sixty (60) days after the Notice and Claims Administrator mails the Postcard Notice.

15. As provided in paragraph 11.2 of the Agreement, each request for exclusion must be sent to the Notice and Claims Administrator, which shall state the Settlement Class Member's name, address, cellular telephone number called by Defendant, and current telephone number if different from the number called by Defendant and specifically request exclusion from the Settlement. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the notice documents, or that is not postmarked within the time specified may be invalid.

16. Any Settlement Class Member who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Hearing on Final Approval.

17. Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement by filing a Notice of Objection. To be valid, the objection must either be filed through the Court's CM/ECF system or sent via mail to the Clerk of the Court and sent to Class Counsel, Defendant's Counsel, and the Notice and Claims Administrator on or before the Objection Deadline, which is sixty (6) days after the Postcard Notice is mailed. As set forth in paragraph 12.3 of the Agreement, the Notice of Objection must: (i) be written; (ii) state the name, address, and telephone number of the objecting Non-Excluded Class Member; (iii) provide satisfactory proof of his or her membership in the Settlement Class, including identifying the number called by Defendant; and (iv) set forth the grounds of objection. No Non-Excluded Class Member shall be heard at the Hearing on Final Approval unless such person has complied with the requirements set forth in paragraphs 12.1–12.4 of the Agreement, and no objection or basis of objection shall be considered at the Hearing on Final Approval, or provide a basis for alteration or modification of the Settlement, the Agreement, the Class Counsel Legal Fees, the Litigation Expenses, Incentive Award, the Postcard Notice, the Long Form Notice, the

      Publication Notice, the Notice and Claims Procedures, the proposed Judgment, or any other term of the Settlement or Agreement, unless such objection or basis of objection was set forth in a timely Notice of Objection filed and delivered in accordance with the requirements and procedures of those paragraphs.

18. For any objection filed, the Clerk of the Court is ordered to redact any social security number, street address, telephone number, and last name, except the first letter of the last name, in order to protect the objector's privacy. The objector's first name and city, state, and zip code, as well as the objection, will not be redacted.

19. Parties may file responses to objections up until seven (7) days prior to the Hearing on Final Approval.

20. All proceedings in this Action are stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

21. In the event that a Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other Action. In such event, the Agreement, exhibits, attachments, and all negotiations and proceedings related thereto shall be deemed to be without

       prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Agreement.

22. The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 26, 2015.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record