**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES DAVID COOPER, JR.,

          Plaintiff,

v.                                                Case No. 6:14-cv-314-Orl-37DAB

NELNET, INC.,

          Defendant.

**ORDER**

This cause is before the Court on the request for Class Counsel Legal Fees and Litigation Expenses in Plaintiff's Motion and Memorandum in Support of Final Approval of Class Action Settlement Agreement. (Doc. 78, pp. 23–30.) Class counsel requests an award of $1,500,000.00 in attorneys' fees and costs, plus interest, representing 33.33% of the gross settlement fund of $4,500,000.00 ("Settlement Fund"). (Doc. 78, pp. 23–30.) Defendant does not oppose the request.

**STANDARDS**

"Attorneys who represent a class, and achieve a benefit for the class members, are entitled to be compensated for their services." *Ressler v. Jacobson*, 149 F.R.D. 651, 653 (M.D. Fla. 1992) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). When the parties to a class action reach a settlement agreement whereby a "common fund" is created for the benefit of the class, an award of attorneys' fees is governed by the common fund doctrine. *See id*; *Stahl v. MasTec, Inc.*, Case No. 8:05-cv-1265-T-27TGW, 2008 WL 2267469, at *1 (M.D. Fla. May 20, 2008). Under this doctrine, class counsel is

entitled to a reasonable percentage of the class settlement fund, subject to Court approval. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 773–74 (11th Cir. 1991).

"The majority of common fund fee awards fall between 20% and 30% of the fund." *Id.* at 774. Thus, the "bench mark" percentage fee award is 25%, which "may be adjusted in accordance with the individual circumstances of each case." *Id.* at 775. In considering an adjustment, the Court should consider the following twelve "*Johnson* factors":

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case"; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 772 n.2 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Additionally, the Court should consider "whether there are any substantial objections . . . to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class . . ., and the economics involved in prosecuting a class action," along with any factors unique to the particular case that would be relevant to the Court's consideration. *Id.* at 775.

The U.S. Court of Appeals for the Eleventh Circuit requires that the district court "articulate specific reasons for selecting the percentage upon which the attorneys' fee award is based. The district court's reasoning should identify all factors upon which it relies and explain how each factor affect its selection of the percentage of the fund award as fees." *Id.* (citations omitted).

**DISCUSSION**

After a thorough evaluation of the factors that the Court is specifically directed to examine, as well as the factors unique to this case, the Court finds that an award of $1,250,000.00, representing approximately 27.78% of the Settlement Fund, is appropriate. This decision was reached based on the following.

A few factors support a downward adjustment from the 25% benchmark percentage. First, this case was filed on February 25, 2014, and has only been pending for one and a half years. While that is not an insignificant amount of time, it is much shorter than the two-plus years allotted for track three cases. (*See* Doc. 58 (including a trial term starting date of May 2, 2016).) Moreover, the parties notified the Court of their settlement on September 24, 2014 (Doc. 61), only seven months into the litigation (Doc. 58, p. 1). While discovery was undoubtedly voluminous in terms of documents, it was limited primarily to paper exchange and review, and there were no depositions taken. The docket reflects that the progress of the case has been unremarkable with little to no substantive motion practice beyond the TCPA constitutional issue, which was mooted by settlement. (*See* Doc. 63.) Finally, a relatively low number of claims were submitted (2,677, representing only about 4% of the class members who received direct notice), suggesting that the class size may have been smaller than Plaintiff originally believed.

However, the few factors calling for a downward variance are outweighed by those factors calling for an upward adjustment from the 25% benchmark. First, the Court recognizes that it is not easy for consumers to obtain counsel in TCPA actions, especially considering that the work for a class action is typically done on a contingent basis and that TCPA law is relatively new. Class Counsel is highly experienced in this sort of

litigation; regularly engages in complex litigation involving consumer issues; lectures on the TCPA; and has been lead counsel in numerous TCPA cases. The skill and experience of the lawyers involved, particularly Class Counsel, is likely responsible, at least in part, for the early and efficient resolution of the claim.

Additionally, Class Counsel obtained significant benefits for the class. Class Counsel ensured that the Settlement Fund was large enough to provide each class member the maximum proposed benefit—$150.00. Additionally, Class Counsel secured the following non-monetary benefits for the public good: Defendant has committed to enhance its personnel training regarding TCPA issues and compliance with the TCPA and it has developed several enhancements to its education loan servicing systems designed to prevent TCPA violations.

Moreover, the Agreement, including the negotiation of the attorneys' fees, was reached in mediation with a skilled mediator. Thus, there is a presumption that the Agreement is fair, negotiated at arm's length and without collusion. Importantly, there were no objections to the Agreement or even to the fees requested by counsel.

Notwithstanding the vigorous defense—including a constitutional challenge to the TCPA—and zealous advocacy by defense counsel, Class Counsel obtained a significant settlement on behalf of the class, which justifies more than the benchmark 25% award. However, a fee award that represents one-third of the common fund is, to the Court, more appropriate in TCPA cases that proceed much further in the litigation, *see, e.g.*, *Guarisma v. ADCAHB Med. Coverages, Inc.,* Case No. 1:13-cv-21016 (S.D. Fla. June 24, 2015), Doc. 95 (granting an award for fees and costs of one-third of the $4,500,000.00 settlement fund when the litigation proceeded for more than two years and required rigorous

discovery and motion practice), or involve a much higher settlement fund, *see, e.g.*, *Desai et al. v. ADT Sec. Servs., Inc.*, Case No. 1:11-cv-1925 (N.D. Ill. June 21, 2013), Doc. 243 (awarding fees amounting to one-third of a $15 million dollar fund).[1]

## CONCLUSION

The Court therefore finds that an award of attorneys' fees, costs, and expenses in the amount of $1,250,000, representing 27.78% of the settlement fund, is appropriate in this case.

On or before Friday, **August 7, 2015**, the parties may object to the Court's proposed award. Any objection must be accompanied by a memorandum of law not to exceed seven (7) pages, as well as any other supporting documents that may be beneficial to the Court's determination. Failure to timely object will result in the Court entering a final award for Class Counsel legal fees and litigation expenses in the amount of $1,250,000.00 without further notice.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 31, 2015.

ROY B. DALTON JR.
United States District Judge

---

[1] All other factors not specifically addressed in this Order called for the benchmark fee of 25%.

Copies:

Counsel of Record