# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JAMES DAVID COOPER, JR.,

        Plaintiff,

v.                                                           Case No. 6:14-cv-314-Orl-37DAB

NELNET, INC.,

        Defendant.

## ORDER

This cause is before the Court on the "Motion to Join Lawsuit and Motion for More Time [sic] Failure to Properly Serve Plaintiff Shaw" (Doc. 83), filed July 31, 2015.

Alleging that Defendant "is making bogus claims to unlawfully collect money" and that Defendant "recently placed negatives on [his] credit report," Robert M. Shaw, *pro se*, inartfully requests to "join the class action lawsuit." (*Id.*) However, the sole claim in this case involves an alleged violation of the Telephone Consumer Protection Act ("TCPA"). (*See* Doc. 1, ¶¶ 38–42.) Absent a showing that his claim arises out of the same transaction or occurrence as the TCPA claim or that the two share a common question of law or fact, Mr. Shaw's request to join is due to be denied.  *See* Fed. R. Civ. P. 20(a)(1).

To the extent that Mr. Shaw seeks to file a claim form pursuant to the Class Action Settlement Agreement, his efforts are unsuccessful because the Claim Filing Deadline has passed.[1] (Doc. 35-1, p. 3 (stating that the Claim Filing Deadline was 75 days following

---

[1] The Notice and Claims Administrator mailed individual notice to class members on April 14, 2015. (Doc. 78, p. 9.) Class members had seventy-five days from that date to submit a claim form. (Doc. 35-1, p. 3.) Therefore, the latest date to submit a claim form was June 29, 2015.

the mailing of notice).)

Finally, Mr. Shaw's argument that he should have the opportunity "to be heard" because Defendant did not notify him of the action is unpersuasive.[2] (*See* Doc. 83.) Article 14 of the Class Action Settlement Agreement explicitly states that Defendant is not responsible for locating or providing notice to settlement class members. (Doc. 35-1, p. 22.) Moreover, neither Rule 23 nor due process require that every potential class member receive actual notice; notice must just be the "best practicable." *Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012). The Court preliminarily approved the parties' notice procedures and accepts the parties' representations that they followed those procedures. Thus, the notice provided was sufficient.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the "Motion to Join Lawsuit and Motion for More Time [sic] Failure to Properly Serve Plaintiff Shaw" (Doc. 83) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 4, 2015.

ROY B. DALTON JR.
United States District Judge

---

[2] Mr. Shaw actually argues that he was not properly served pursuant to Rule 4(c). (Doc. 83.) Considering that Rule 4(c) is a guideline for serving *defendants*, not plaintiffs, the Court interprets this as an argument that Defendant did not properly notify him of the Class Action Settlement Agreement.

Copies:

Counsel of Record