**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES DAVID COOPER, JR.,

    Plaintiff,

v.                                                                        Case No. 6:14-cv-314-Orl-37DAB

NELNET, INC.,

    Defendant.

---

**FINAL APPROVAL ORDER**

This cause is before the Court on Plaintiff's Motion and Memorandum in Support of Final Approval of Class Action Settlement Agreement (Doc. 78), filed June 29, 2015.

On February 26, 2015, the Court preliminarily approved the parties' proposed Class Action Settlement Agreement (Doc. 67-1 ("Agreement")) and directed that notice be given to the Settlement Class. (Doc. 72.) The parties represent that, pursuant to the Preliminary Approval Order and the Notice Procedures set forth in Article 10 of the Agreement, the Settlement Class was notified of the terms of the proposed Settlement, of the right of Settlement Class Members to opt-out, and of the right of Settlement Class Members to be heard at a Hearing on Final Approval to determine, *inter alia*: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice.

1

On June 29, 2015, Plaintiff filed a Motion and Memorandum in Support of Final Approval of Class Action Settlement Agreement (Doc. 78), and the Court held a Hearing on Final Approval on July 13, 2015 (Doc. 79).

Having considered the papers submitted to the Court and all proceedings to date (*see* Docs. 67, 71, 75-1, 77, 78, 79, 82), the Court **FINDS**:

1. The capitalized terms used in this Judgment shall have the same meaning as defined in the Agreement, except as may otherwise be ordered.

2. This Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. For purposes of the Settlement and this Judgment, the Court hereby **CERTIFIES** the following Settlement Class:

    > All persons in the United States to whose cellular telephone Defendant placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010, to February 26, 2015, where Defendant did not have express consent to call said cellular telephone number.

    The Settlement Class, which will be bound by this judgment, shall include all Non-Excluded Class Members.

4. The Notice Procedures, set forth in Article 10 of the Agreement and effectuated pursuant to the Preliminary Approval of Settlement and Notice Order, was the best notice practicable under the circumstances; provided due and sufficient notice to the Settlement Class of the

2

       pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Agreement, and the Hearing on Final Approval; and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

5. No members of the Settlement Class objected to the Agreement.

6. The Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion and Memorandum in Support of Final Approval of Class Action Settlement Agreement (Doc. 78) is **GRANTED IN PART and DENIED IN PART**.

    a. The Motion is **DENIED** insofar as it requests attorney's fees for Class Counsel in the amount of $1,500,000.00. The Court **AWARDS** to Class Counsel attorney fees and litigations expenses in the amount of $1,250,000.00, which this Court finds to be fair and reasonable in light of the time, expense, and complexity of this litigation.[1]

    b. In all other respects, the Motion is **GRANTED**.

2. The Agreement (Doc. 78-1) is **APPROVED**.

3. All claims against Nelnet, Inc. are **DISMISSED WITH PREJUDICE**.

---

[1] The Court's reasons for awarding this amount, to which Class Counsel does not object (*see* Doc. 82), are detailed in its July 31, 2015 Order (Doc 81).

4. The Parties are **DIRECTED** to effectuate the remaining terms of the Agreement. The Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

5. All persons who have not made their objections to the Settlement in the manner provided in the Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

6. Within the time period set forth in the Agreement, the cash distributions provided for in the Agreement shall be paid to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Agreement.

7. Upon the Effective Date, Non-Excluded Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged Defendant and its Subsidiaries from the Released Claims as set forth in the Agreement, regardless of whether any such Non-Excluded Class Member executed and delivered a Claim Form or receives any payment pursuant to the Settlement.

8. As set forth in Article 7 of the Agreement, all Non-Excluded Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal, or jurisdiction, asserting any claims released pursuant to the Agreement,

   or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Agreement.

9. The Judgment, the Agreement, the Settlement which it reflects and all acts, statements, documents, or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Defendant or its Subsidiaries of any fault, wrongdoing, or liability on the part of Defendant or its Subsidiaries.

10. No finding of fact or conclusion of law was made in the Action that Defendant engaged in any wrongful conduct of any kind whatsoever.

11. The Court **GRANTS** Class Counsel's application for an Incentive Award for James David Cooper, Jr. in the amount of $25,000.00. These amounts are to be paid out the amount available for the payment of the Settlement Costs, in accordance with the Agreement.

12. Except as otherwise provided in this Judgment, the Parties **SHALL** bear their own costs and attorney's fees.

13. The Court **RESERVES** exclusive and continuing jurisdiction over the implementation of the Settlement, including enforcement and administration of the Agreement.

14. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and to close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 4, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record